# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, and DAVID MAY<br><br>Defendants. | Case No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES** |

1. Plaintiff Logan Venclauskas ("Plaintiff"), on behalf of himself and all similarly situated individuals, brings this action to recover unpaid wages under the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* (NCWHA)) stemming from Defendants' tip theft and failure to pay minimum wage.

2. Defendants Hillman Beer, LLC ("Hillman Beer"), Bradley Hillman, Greig Hillman, and David May (collectively, "Defendants") own and operate an establishment known as Hillman Beer located in or around Asheville, North Carolina.

3. Defendants adopted an employment policy that applies to all employees.

4. Defendants' employment policy results in the unlawful retention of tips in violation of the FLSA and failure to pay minimum wage under the NCWHA.

5. Plaintiff, on behalf of himself and all similarly situated individuals, brings this action under 29 U.S.C. § 203(m)(2)(b), 29 U.S.C. § 207, *et seq.*, and N.C. Gen. Stat. §§ 95-25.3, 95-25.6, 95-25.8 and 95-25.22 against Defendants.

6. This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with minimum wage as required by the FLSA,

North Carolina Minimum Wage Law (N.C. Gen. Stat. § 95-25.3), North Carolina Wage Payment Law (N.C. Gen. Stat. § 95-25.6), North Carolina Unpaid Wages Law (N.C. Gen. Stat. § 95-25.22) (collectively "North Carolina Wage and Hour Laws"), and damages under the theory of unjust enrichment.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over Plaintiff's North Carolina claims under 28 U.S.C. § 1367, as the claims are so related to the claims this Court has original jurisdiction and they form part of the same case or controversy at issue in this Complaint.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant is located in this judicial district and a substantial part of the events giving rise to the claim herein occurred in this district.

10. The relevant time period is defined as the maximum statute of limitations allowable under the FLSA, North Carolina Wage and Hour Law, and the theory of unjust enrichment.

## PARTIES

**Plaintiff Logan Venclauskas**

11. Plaintiff Logan Venclauskas is a current resident of Michigan.

12. Plaintiff Logan Venclauskas is a former resident of North Carolina.

13. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA and N.C. Gen. Stat. § 95-25.2.

**Defendant Hillman Beer, LLC**

14. Hillman Beer is a brewery and food establishment with three locations in North Carolina.

15. Hillman Beer had control over Plaintiff and similarly situated employees' working conditions.

16. At all relevant times, Hillman Beer has shared or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Hillman Beer's brewery locations.

17. At all relevant times, Hillman Beer had and continues to have direct or indirect control over the terms and conditions of Plaintiff and similarly situated employees' work.

18. At all relevant times, Hillman Beer possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees and has exercised that authority.

19. Hillman Beer permits Plaintiff and similarly situated employees to work.

20. Hillman Beer is a domestic limited liability company with its principal place of business in North Carolina.

21. Hillman Beer was founded, owned, and/or operated by defendants Bradley Hillman and/or Greig Hillman and/or David May.

22. Hillman Beer has the authority to and does hire and fire employees, supervise and control work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

23. Hillman Beer has substantial control over Plaintiff and similarly situated employees' working conditions and over unlawful policies and practices as alleged herein.

24. Hillman Beer maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

25. Hillman Beer applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all its locations, including policies, practices, and procedures related to payment of tips earned and wages.

26. Hillman Beer is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

27. Hillman Beer has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

28. Upon information and belief, Hillman Beer's gross revenue exceeds $500,000 per year.

**Defendant Bradley Hillman**

29. Bradley Hillman is or was the President of Hillman Beer during the relevant time period.

30. Bradley Hillman is involved in the operations of Hillman Beer.

31. Bradley Hillman owns and operates the brewery and food establishment "Hillman Beer, LLC."

32. Bradley Hillman supervised and directed the employment of Plaintiff and similarly situated employees.

33. Bradley Hillman is individual liable under the definition of "employer" set forth in the FLSA and N.C. Gen. Stat. § 95-25.2 because he owns and operates Hillman Beer or ultimately controls significant aspects of the entity's day-to-day functions, and controls the compensation of employees. 29 U.S.C. § 203(d).

34. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman has had financial control over the operations at Hillman Beer.

35. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman has had a role in significant aspects of Hillman Beer's day-to-day operations.

36. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had control over Hillman Beer's pay policies.

37. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had power over personnel and payroll decisions at Hillman Beer, including, but not limited to, influence over Plaintiff and similarly situated employees' rate of pay.

38. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

39. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had the power to transfer the assets and liabilities of Hillman Beer.

40. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had the power to declare bankruptcy on behalf of Hillman Beer.

41. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had the power to enter into contracts on behalf of Hillman Beer.

42. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had the power to close, shut down, and/or sell Hillman Beer.

43. At all relevant times, by virtue of his role as President of Hillman Beer, Bradley Hillman had authority over the overall direction of Hillman Beer and has been ultimately responsible for their operations.

44. Bradley Hillman has influence over how Hillman Beer can run more profitably.

**Defendant Greig Hillman**

45. Greig Hillman is the Vice President of Hillman Beer.

46. Greig Hillman is involved in the operation of Hillman Beer.

47. Greig Hillman owns or co-owns and operates the brewery and food establishment "Hillman Beer, LLC."

48. Greig Hillman supervised and directed the employment of Plaintiff and similarly situated employees.

49. Greig Hillman is individually liable under the definition of "employer" set forth in the FLSA and N.C. Gen. Stat. § 95-25.2 because he owns or co-owns and operates Hillman Beer or ultimately controls significant aspects of the entity's day-to-day functions, and controls the compensation of employees. 29 U.S.C. § 203(d).

50. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had financial control over the operations at Hillman Beer.

51. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had a role in significant aspects of Hillman Beer's day-to-day operations.

52. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had control over Hillman Beer's pay policies.

53. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had power over personnel and payroll decisions at Hillman Beer, including, but not limited to, influence over Plaintiff and similarly situated employees' rate of pay.

54. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

55. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had the power to transfer the assets and liabilities of Hillman Beer.

56. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had the power to declare bankruptcy on behalf of Hillman Beer.

57. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had the power to enter contracts on behalf of Hillman Beer.

58. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had the power to close, shut down, and/or sell Hillman Beer.

59. At all relevant times, by virtue of his role as Vice President of Hillman Beer, Greig Hillman had authority over the overall direction of Hillman Beer and was ultimately responsible for their operations.

60. Greig Hillman has influence over how Hillman Beer can run more profitably.

**Defendant David May**

61. David May is the current President and Chief Operating Officer of Hillman Beer.

62. David May is involved in the operations of Hillman Beer.

63. David May owns and/or operates the brewery and food establishment "Hillman Beer, LLC"

64. David May supervised and directed the employment of Plaintiff and similarly situated employees.

65. David May is individual liable under the definition of "employer" set forth in the FLSA and N.C. Gen. Stat. § 95-25.2 because he owns and operates Hillman Beer or ultimately controls significant aspects of the entity's day-to-day functions, and controls the compensation of employees. 29 U.S.C. § 203(d).

66. At all relevant times, by virtue of his role as President of Hillman Beer, David May has had financial control over the operations at Hillman Beer.

67. At all relevant times, by virtue of his role as President of Hillman Beer, David May has had a role in significant aspects of Hillman Beer's day-to-day operations.

68. At all relevant times, by virtue of his role as President of Hillman Beer, David May had control over Hillman Beer's pay policies.

69. At all relevant times, by virtue of his role as President of Hillman Beer, David May had power over personnel and payroll decisions at Hillman Beer, including, but not limited to, influence over Plaintiff and similarly situated employees' rate of pay.

70. At all relevant times, by virtue of his role as President of Hillman Beer, David May had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

71. At all relevant times, by virtue of his role as President of Hillman Beer, David May had the power to transfer the assets and liabilities of Hillman Beer.

72. At all relevant times, by virtue of his role as President of Hillman Beer, David May had the power to declare bankruptcy on behalf of Hillman Beer.

73. At all relevant times, by virtue of his role as President of Hillman Beer, David May had the power to enter into contracts on behalf of Hillman Beer.

74. At all relevant times, by virtue of his role as President of Hillman Beer, David May had the power to close, shut down, and/or sell Hillman Beer.

75. At all relevant times, by virtue of his role as President of Hillman Beer, David May had authority over the overall direction of Hillman Beer and has been ultimately responsible for their operations.

76. David May has influence over how Hillman Beer can run more profitably.

## FACTS

### CLASS-WIDE FACTUAL ALLEGATIONS

77. During all relevant times, Defendants operated Hillman Beer in Asheville, North Carolina, with other locations in Old Fort, North Carolina and Morganton, North Carolina.

78. Plaintiff and the similarly situated employees they seek to represent work or worked for Defendants in tipped positions.

79. During some or all of the relevant time period, Defendants violated 29 U.S.C. § 203(m)(2)(b) and 29 C.F.R. § 531.59 by unlawfully withholding tips earned by employees working in tipped positions.

80. During some or all of the relevant time period, Defendants violated 29 U.S.C. § 203(m)(2)(a) by failing to comply with the requirements for taking a tip credit.

81. During some or all of the relevant time period, Defendants forced Plaintiff and similarly situated employees to share tips with other employees, such as managers, who are not eligible to share in a tip pool.

82. During some or all of the relevant time period, Plaintiff and similarly situated employees were paid minimum wage minus a tip credit for hours worked.

83. During some or all of the relevant time period, Defendants failed to give Plaintiff and similarly situated employees notice of the tip credit policy.

**Plaintiff Logan Venclauskas's Experiences.**

84. Plaintiff worked for Defendants as a tipped employee during the relevant time period and was paid approximately $2.15 per hour.

85. Defendants did not notify Plaintiff of the requirements for taking a tip credit under the FLSA and the NCWHA.

86. During the course of his work duties, Plaintiff earned tips for serving food and drinks to Defendants' customers.

87. During some or all of the relevant time period, Plaintiff was paid minimum wage minus a tip credit for the hours he worked.

88. Defendants routinely retained tips earned by Plaintiff and/or diverted tips earned by Plaintiff to employees working in non-tipped capacities.

89. By withholding and/or diverting tips and failing to provide notice of the tip credit under the FLSA and the NCWHA, Defendant forfeited the right to pay Plaintiff a tipped minimum wage and now owes him the difference between the tipped wage rate paid and full minimum for every hour worked.

90. Plaintiff was not classified as exempt under either the FLSA or the North Carolina Wage and Hour Laws.

## COLLECTIVE ACTION ALLEGATIONS

91. Plaintiff brings the First and Second Counts under 29 U.S.C. 216(b) on behalf of himself and a collective consisting of:

> All current and former tipped workers employed by Defendants from August 9, 2021 and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

92. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of

willfully failing to properly take a tip credit from the wages of Plaintiff and the FLSA Collective, refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked, and retaining employee tips. Plaintiff's claims are essentially the same as those of the FLSA Collective.

93. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

94. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

95. Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

96. Defendants are aware or should have been aware that, in order to take a tip credit from the wage of Plaintiff and the FLSA Collective, the federal law required them to inform Plaintiff and the FLSA Collective of the tip credit provisions of the FLSA, and prohibited them from requiring Plaintiff and the FLSA Collective to share tips with employees who are not engaged in customer service, including the restaurant itself.

97. Defendants' unlawful conduct has been widespread, repeated, and consistent.

98. The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

99. The FLSA Collective members are readily identifiable and ascertainable.

100. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

101. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

102. Plaintiff brings the Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former tipped employees employed by Defendants in the State of North Carolina between August 9, 2021 and the date of final judgment in this matter ("Rule 23 Class").

103. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

104. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

105. The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

106. There are more than 40 Rule 23 Class members.

107. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

108. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and failing to properly take a tip credit from their wages.

109. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with N.C. Gen. Stat. § 95-25.2 *et seq.*, and the doctrine of unjust enrichment.

110. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

111. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

112. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

113. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

114. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to

vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.

115. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

116. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendants required Plaintiff and the Rule 23 Class to share tips with employees or others who were not permitted to share in a tip pool;

b. Whether Defendant improperly retained tips given to or intended for Plaintiff and the Rule 23 Class;

c. Whether Defendants' policy of failing to pay tips to Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law;

d. The nature and extent of class-wide injury and the measure of damages for those injuries; and

e. Whether Plaintiff and the Rule 23 Class have conferred a benefit on Defendants, whether Defendants had knowledge of that benefit, and whether it would be unjust for Defendants to retain the benefit without restitution.

117. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective and Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

**CAUSES OF ACTION**

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE – TIP THEFT**
**(FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m)(2)(B), *et seq*.)**
**(On Behalf of Plaintiff and the FLSA Collective)**

118. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

119. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

120. Defendants violated the FLSA by improperly retaining tips received by Plaintiff and the FLSA Collective.

121. Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with the brewery itself.

122. Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with non-tipped employees.

123. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

124. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

125. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT II**
**FAILURE TO PAY MINIMUM WAGE – TIP CREDIT NOTICE**
**(FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m), *et seq.*)**
**(On Behalf of Plaintiff and the FLSA Collective)**

126. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

127. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

128. Defendants did not provide tip credit notice as required by 29 U.S.C. § 203(m)

129. Defendants' tip credit notice did not comply with 29 C.F.R. § 531.59(b).

130. By the acts and conduct described above, Defendants willfully violated the FLSA and disregarded the rights of Plaintiff and the FLSA Collective Class.

131. Plaintiff and the FLSA Collective Class have been damaged by Defendants willful failure to pay minimum wage as required by law.

132. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT III**
**FAILURE TO PAY MINIMUM WAGES**
**(N.C. Gen. Stat. § 95-25.3)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

133. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

134. Plaintiff and the Rule 23 Class are non-exempt employees.

135. During all or part of the relevant time period, Defendants have failed to properly claim a tip credit from the wages of Plaintiff and the Rule 23 Class because they have required Plaintiff and the Rule 23 Class to share tips with non-tipped workers or with the restaurant itself.

136. By retaining the tips received by Plaintiff and the Rule 23 Class for their own purposes, Defendants have violated Plaintiff's minimum wage rights.

137. By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated N.C. Gen. Stat. § 95-25.3.

138. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, costs, and attorneys' fees.

**COUNT IV**
**FAILURE TO PAY WAGES DUE**
**(N.C. Gen. Stat. § 95-25.6, .8, and .22)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

139. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

140. During all relevant times, Defendants were entities covered by N.C. Gen. Stat. § 95-25.6, and Plaintiff and the Rule 23 Class were employees within the meaning of N.C. Gen. Stat. § 95-25.2 and were not exempt from its protections.

141. N.C. Gen. Stat. § 95-25.6 requires that Defendants pay Plaintiff and the Rule 23 Class all wages and tips at least once each month on regular paydays established by Defendant.

142. N.C. Gen. Stat. § 95-25.2 defines "wages" as "compensation for labor or services rendered by an employee . . . [and] includes sick pay, vacation pay, severance pay, commissions,

bonuses, and other amounts promised when the employer has a policy or a practice of making such payments."

143. During all or part of the relevant time period, Defendant failed to properly distribute tip income to Plaintiff and the Rule 23 Class in violation of N.C. Gen. Stat. § 95-25.8.

144. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to unpaid wages, including liquidated damages, interest, and attorneys' fees.

### COUNT V
### UNJUST ENRICHMENT
**(On Behalf of Plaintiff and the Rule 23 Class)**

145. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

146. Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants.

147. For example, Defendants unlawfully retained the tipped employees' tips for their own purposes from all times relevant to the present.

148. Defendants retained tips intended for Plaintiff and the Rule 23 class.

149. Defendants also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendants' compensation policy.

150. Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendants.

151. Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

152. Accordingly, Defendants' retention of these benefits under these circumstances would be unjust.

153. As a result of Defendants having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

**WHEREFORE**, Plaintiff Logan Venclauskas prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B. Unpaid minimum wages, unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under N.C. Gen. Stat. §§ 95-25.3, .8.

F. An award of unpaid minimum wages, unlawfully retained tips, and damages due under N.C. Gen. Stat. § 95-25.22 based on Defendants' failure to pay minimum wage pursuant to N.C. Gen. Stat. § 95-25.3.

G. Liquidated damages under N.C. Gen. Stat. § 95-25.22.

H. An award of the value of the benefits for which Defendants were unjustly enriched.

I. An award of prejudgment and post-judgment interest.

J. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K. Such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Dated: August 7, 2024

Respectfully submitted,

*/s/ Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5003
sharris@milberg.com

Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com

Joseph M. Lyon*
Kevin M. Cox*
**THE LYON FIRM,**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com
kcox@thelyonfirm.com

*Counsel for Plaintiff and the putative class*

*\* Pro hac vice forthcoming*