IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:24-cv-00204

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, AND DAVID MAY<br><br>Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS COMPLAINT** |

# INTRODUCTION

Defendant Hillman Beer, LLC ("Hillman Beer"), Defendant Greig Hillman ("Mr. Greig"), Defendant Bradley Hillman ("Mr. Bradley"), and Defendant David May ("Mr. May") (collectively, "Defendants"), by and through the undersigned attorneys, submit this Brief in Support of their Partial Motion to Dismiss Counts III and IV of the Complaint because these claims are based on a provision of the North Carolina Wage and Hour Act ("NCWHA") from which Defendants are exempt. Count V should be dismissed because it is preempted by the Fair Labor Standards Act ("FLSA").

Plaintiff's Complaint alleges that Defendants violated the FLSA by failing to provide sufficient notice of its tip credit policy and by allegedly diverting a

portion of the tip pool that Plaintiff and other tipped employees participated in to ineligible members, including Hillman Beer. In addition to the FLSA claims, Plaintiff also pleads three claims based on North Carolina state law on his behalf and on behalf of an alleged Rule 23 class of similarly situated employees. As set forth below, the state law claims should be dismissed.

Count III of the Complaint "failure to pay minimum wages" under N.C. Gen. Stat. § 95-25.3 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because N.C. Gen. Stat. § 95-25.14(a)(1) provides that Defendants are exempt from N.C. Gen. Stat. § 95-25.3.

Count IV for failure to pay wages due should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it necessarily implicates N.C. Gen. Stat. § 95-25.3(f) and thus is also covered by the exemption in N.C. Gen. Stat. § 95-25.14(a)(1).

Count V for unjust enrichment should be dismissed because it is preempted by the FLSA.

## BACKGROUND

The Complaint alleges that "Plaintiff, on behalf of himself and all similarly situated individuals, brings this action under [the FLSA], and N.C. Gen. Stat. §§ 95-25.3, 95-25.6, 95-25.8 and 95-25.22." (D.E. 1, ¶ 5). Plaintiff seeks to recover for himself and similarly situated individuals alleged unpaid wages under the FLSA and NCWHA resulting from "Defendants' [alleged] tip theft and failure to pay minimum wage." (*Id.*, ¶ 1).

Plaintiff primarily complains that Defendants failed to comply with the requirements for taking a tip credit as required by the FLSA and NCWHA, and that they unlawfully retained Plaintiff's and other employees' tips through operation of an invalid tip pool. (*Id.*, ¶¶ 80, 81, 83, 89, 92).

The Complaint alleges that "[a]t all times relevant herein, Plaintiff was an 'employee' of Defendant as defined in the FLSA and N.C. Gen. Stat § 95-25.2," (*Id.*, ¶ 13), that each of the Defendants was an "employer" as defined under the FLSA and NCWHA, and that Hillman Beer is an "enterprise engaged in the production of goods for commerce within the meaning of the phrase used in in the FLSA." (*Id.*, ¶¶ 26-28, 33, 49, and 65).

## STANDARD OF REVIEW

Under Rule 12(b)(6), this Court should dismiss the Complaint against Defendants if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion under Rule 12(b)(6), this Court asks whether the Complaint contains "sufficient factual matter" that, if accepted as true, states a claim for relief against Defendants "that is plausible on its face." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). In its analysis, the Court should view all of the well-pleaded allegations in the light most favorable to Plaintiff. *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reyes v. Waples Mobile Home Park L.P.*, 903 F.3d 415, 423 (4th Cir. 2018).

3
Case 1:24-cv-00204-MR-WCM    Document 21    Filed 10/21/24    Page 3 of 13

Pursuant to Rule 12(b)(6), the Court has authority "to dismiss a claim on the basis of a dispositive issue of law." *Roldan v. Bland Landscaping Co., Inc.*, No. 3:20-CV-00276-RJC-DSC, 2021 WL 7185223, at *3 (W.D.N.C. Mar. 15, 2021), *report and recommendation adopted*, No. 3:20-CV-00276-KDB-DSC, 2022 WL 287549 (W.D.N.C. Jan. 31, 2022) (citing *Sons of Confederate Veterans v. City of Lexington*, 722 F.3d 224, 228 (4th Cir. 2013)). Specifically, "where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed. The Court must not accept as true a legal conclusion couched as a factual allegation." *Id.* (cleaned up).

## ARGUMENT

Defendants move to dismiss the last three "counts" of Plaintiff's Complaint and the accompanying request for class certification under Rule 23. The third and fourth causes of action based on the North Carolina Wage and Hour Act should be dismissed based on the statutory exemption found at N.C. Gen. Stat. § 95-25.14. The fifth cause of action for unjust enrichment should be dismissed because it is preempted by the Fair Labor Standards Act.

> **I. Plaintiff's third cause of action should be dismissed because N.C. Gen. Stat. § 95-25.3 does not apply to Plaintiff or the purported class.**

Plaintiff's third cause of action is a claim for failure to pay minimum wages under N.C. Gen. Stat. § 95-25.3. (D.E. 1, ¶¶ 133-138). This cause of action fails as a matter of law because Hillman Beer's operations are exempt from coverage

4

Case 1:24-cv-00204-MR-WCM   Document 21   Filed 10/21/24   Page 4 of 13

under this provision of the NCWHA.  Thus, N.C. Gen. Stat. § 95-25.3 is inapplicable to Defendants.

N.C. Gen. Stat. § 95-25.14 states in relevant part that:

(a) The provisions of **G.S. 95-25.3** (Minimum Wage), . . . **do not apply to**: (1) **Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act**[.]

(Emphasis supplied).

The Complaint alleges that Mr. Greig, Mr. Bradley, and Mr. May are individuals (D.E. 1, ¶¶ 33, 49, 65) and that Hillman Beer is a limited liability company operated by the individual Defendants (*Id.*, ¶¶ 20-21), each of which meets the definition of "person" under the FLSA.  29 U.S.C. § 203(a).  Plaintiff's Complaint also alleges that Hillman Beer is an enterprise engaged in the production of goods for commerce.  (*Id.*, ¶ 27).  Plaintiff further contends that Mr. Greig, Mr. Bradley, and Mr. May are individually liable as an "employer" under the FLSA and NCWHA.  (*Id.*, ¶¶ at 33, 49, 65).

Plaintiff's Complaint acknowledges that Defendants employed him in an enterprise engaged in the production of goods for commerce. (*Id.*, ¶¶ 13, 27).  Because Hillman Beer is an enterprise engaged in the production of goods for commerce within the meaning of the FLSA, the provisions of N.C. Gen. Stat. § 95-25.3 are expressly made inapplicable by § 95-25.14(a).  None of the exceptions to § 95-25.14(a)(1) in subparagraph (a) – (c) are applicable in this matter.  Accordingly, Defendants are exempt from N.C. Gen. Stat. §95-25.3 and Plaintiff's claim for minimum wage violations should be dismissed with prejudice.

## II. Plaintiff's fourth cause of action should be dismissed because Plaintiff and the purported class are also exempt from coverage under N.C. Gen. Stat. §§ 95-25.6, 95-25.8, and 95-25.22.

Nothing in Plaintiff's Complaint suggests that Defendants failed to pay them wages other than those required by N.C. Gen. Stat. § 95-25.3. Plaintiff's Complaint is based on Defendants' alleged failure to satisfy the notice requirements related to the tip credit resulting in a minimum wage violation and alleged improper deductions or withholdings from Hillman Beer's tip pool. (D.E. 1, generally). These allegations are necessarily grounded in the requirements of N.C. Gen. Stat. 95-25.3, including § 95-25.3(f). Accordingly, although the Complaint attempts to frame the fourth cause of action as a "pay day claim" under various different provisions of the NCWHA, the claim is still exempt under N.C. Gen. Stat. § 95-25.14(a)(1).

As in *Santos v. M.A.C. Grading Co.*, Count IV of Plaintiff's Complaint reproduces his minimum wage claim "with a different statutory cloth." *Santos v. M.A.C. Grading Co.*, No. 7:19-CV-219-D, 2020 WL 12815229, at *4 (E.D.N.C. Aug. 27, 2020). For example, in Count I Plaintiff alleges:

- By withholding and/or diverting tips and failing to provide notice of the tip credit under the FLSA and the NCWHA, Defendant forfeited the right to pay Plaintiff a tipped minimum wage and now owes him the difference between the tipped wage rate paid and full minimum for every hour worked. (*Id.*, ¶ 89).

- Defendants violated the FLSA by improperly retaining tips received by Plaintiff and the FLSA Collective. (D.E. ¶ 120).

- Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with the brewery itself. (*Id.*, ¶ 121).

- Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with non-tipped employees. (*Id.*, ¶ 122).

By comparison Count IV incorporates all preceding allegations and alleges in relevant part:

- During all or part of the relevant time period, Defendant failed to properly distribute tip income to Plaintiff and the Rule 23 Class in violation of N.C. Gen. Stat. § 95-25.8. (*Id.*, ¶ 143).

The only material contrast between Count I and Count IV are that Count I invokes the FLSA and Count IV invokes the NCWHA. Both claims, however, are grounded in an alleged failure to pay minimum wages based on alleged retention or diversion of tips. Count IV is based on Defendants' alleged failure to pay minimum wages, which includes tips earned by an employee and is in turn governed by N.C. Gen. Stat. § 95-25.3(f). Accordingly, as in *Santos,* because Plaintiff's Count IV does not assert a "pay day" claim "separate from minimum wage and overtime compensation" it is subject to dismissal based on the exemption in N.C. Gen. Stat. § 95-25.14(a)(1). *Santos*, 2020 WL 12815229, *5 (dismissing the plaintiff's NCWHA claims and rejecting analysis of *Whitehead v. Sparrow Enter., Inc.*, 167 N.C. App. 178, 183, 605 S.E.2d 234, 237 (2004)).

Additionally, unlike the plaintiff in *Roldan v. Bland Landscaping Co. Inc.,* Plaintiff's fourth claim is distinguishable from the "payday" claim that the Court held was not exempted by N.C. Gen. Stat. § 95-25.14. No. 3:20-CV-00276-RJC-DSC, 2021 WL 7185223, at *8 (W.D.N.C. Mar. 15, 2021), *report and recommendation adopted,* No. 3:20-CV-00276-KDB-DSC, 2022 WL 287549 (W.D.N.C. Jan. 31, 2022). In *Roldan*, the Court determined that the plaintiff's claims – N.C. Gen. Stat.

§§ 95-25.13 (notification and records), 95-25.22 (recovery of unpaid wages), 95-25.6 (payday), and 95-25.8 (withholding of wages) – were not exempted by N.C. Gen. Stat. § 95-25.14 because such claims sought compensation for "*all* hours worked – not just unpaid overtime wages under the NCWHA." *Id.* However, Plaintiff's own allegations in the instant case make clear that the relief sought is ultimately based on Defendants' alleged violations of the minimum wage provisions of the FLSA and NCWHA. Despite quoting other statutory provisions that are not exempted by N.C. Gen. Stat. § 95-25.14, the allegations contained in Plaintiff's fourth claim are not separate and distinct from its first claim against Defendants for failure to pay minimum wages under the FLSA, and instead, they incorporate the FLSA claims and supporting allegations by reference. Accordingly, the fourth claim for relief should be dismissed with prejudice.

Dismissal of Plaintiff's fourth claim for relief is also in keeping with North Carolina's application of the NCWHA. For example, in *Chandler v. Cheesecake Factory Restaurants, Inc.*, the North Carolina Court of Appeals affirmed dismissal of the plaintiff's wage claims as exempt under the NCWHA in a case involving a challenge to the defendant's tip pool even when not expressly pled under N.C. Gen. Stat. § 95-25.3. 189 N.C. App. 403, 699 S.E.2d 98, 2008 WL 711628, at *4 (2008) (unpublished). In *Chandler,* the plaintiff sought relief in his complaint under N.C. Gen. Stat. §§ 95-25.6, 95-25.22, and 13 NCAC 12.0303(h). *Id.* at *4. On appeal the Court of Appeals reasoned that although the plaintiff did not plead N.C. Gen. Stat. § 95-25.3 as the basis of his claim for relief, it was nonetheless implicated and

8

Case 1:24-cv-00204-MR-WCM    Document 21    Filed 10/21/24    Page 8 of 13

therefore, N.C. Gen. Stat. § 95-25.14(a) barred his claim for relief. *Id.* The court reasoned that since the plaintiff did not dispute that his employment was covered under the provisions of the FLSA, he could not escape the exemption found in N.C. Gen. Stat. § 95-25.14 by pleading his minimum wage violation claim related to a tip pool as a claim under N.C. Gen. Stat. §§ 95-25.6 and 95-25.22, and 13 NCAC 12.0303(h). *Id.* The court's analysis was supported by its determination that "[o]n its face, N.C. Admin. Code § 12.0303(h) incorporates § 95–25.3(f) and therefore the accompanying § 95-25.14(a)(1) exemption." 189 N.C. App. 403, 659 S.E.2d 98 (2008). *Id.* The court also determined that in order for it to "determine whether a tip pooling arrangement is in compliance with N.C. Gen. Stat. § 95–25.6, the statutory scheme dictates a review of N.C. Gen. Stat. § 95–25.3(f)." *Id.*

The same analysis applied in *Chandler* to dismiss the plaintiff's claims is applicable to Count IV of Plaintiff's Complaint, which is based on payment of Plaintiff's and the alleged class members wages from the tip pool. The Court's analysis of this claim will necessarily implicate N.C. Gen. Stat. 95-25.3(f), a provision of the minimum wage provision of the NCWHA. Thus, the exemption in N.C. Gen. Stat. 95-25.14(a)(1) applies, and the fourth claim for relief should be dismissed.

This Court applied a similar analysis in *Sharkey v. Fortress Systems International, Inc.*, when it granted partial summary judgment in favor of the defendants for their alleged failure to pay the plaintiffs "all promised and earned wages and overtime payments on the employee's regular payday for all hours worked." No. 3:18-cv-00019-FDW-DCK, 2019 WL 3806050, at *6 (W.D.N.C. Aug. 13,

2019). Although the claim was pled as an alleged violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7, and 95.25.13, none of which are specifically listed in N.C. Gen. Stat. § 95-25.14, the Court nonetheless determined that dismissal was appropriate because of the exemption provision related to overtime claims in N.C. Gen. Stat. § 95-25.14. *Id.*; (*see also Lima v. MH & WH, LLC*, No. 5:14-CV-896-FL, 2019 WL 2602142, at *15 (E.D.N.C. Mar. 8, 2019), (holding "that portion of plaintiff's NCWHA claim premised upon overtime pay must be dismissed as exempted based upon the plain language of § 95-25.14(a)[,]" *reconsideration denied*, No. 5:14-CV-896-FL, 2019 WL 2323865 (E.D.N.C. May 30, 2019); *DeHoll v. Eckerd Corp.*, No. 1:18CV280, 2018 WL 5624150, at *5 (M.D.N.C. Oct. 30, 2018) ("allowing Plaintiffs to recover unpaid overtime under the payday statute would be wholly incompatible with the exemption provision.")). The same analysis used by the Court in *Sharkey* is applicable to Plaintiff's fourth claim for relief, which is grounded in alleged violations of the minimum wage provision found in N.C. Gen. Stat. § 95-25.3. Thus, pursuant to N.C. Gen. Stat. § 95-25.14, this claim should be dismissed.

### III. *Plaintiff's Fifth Cause of Action is preempted by federal law or otherwise duplicative and therefore should be dismissed.*

Plaintiff's fifth cause of action for unjust enrichment should be dismissed because it is preempted by federal law or otherwise duplicative of his other claims. The FLSA provides the exclusive remedy for violations of federal minimum wage laws. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). As the Fourth Circuit noted in *Anderson*, "[i]mportantly, the FLSA does not explicitly authorize states to create alternative remedies for FLSA violations. And, in view of

the FLSA's unusually elaborate enforcement scheme, there cannot be the exceptionally strong presumption against preemption of such state remedies that would be warranted if the FLSA did not provide federal remedies." *Id.* at 193.

Although the underlying claim in *Anderson* was an overtime claim, the Court's analysis is applicable here. Plaintiff's claims are based on alleged violations under the FLSA and indeed Count V of the Complaint incorporates by reference all of the previous allegations, including the allegations that support the FLSA claims. (D.E. 1, ¶ 145). Although the Complaint purports to assert state wage and hour act claims, they should be dismissed as detailed above. Moreover, the success of Plaintiff's unjust enrichment claim necessarily depends on the Court finding a violation of the FLSA or the incorporated FLSA claims. (D.E. 1, ¶¶ 145, 147, 151). Because the FLSA's enforcement scheme is an exclusive one, Plaintiff's state law claim for unjust enrichment is preempted. *Id.*, 194; *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437 (4th Cir. 1999); *Alminiana v. Lowes Home Ctr., LLC.*, 5:20-CV-00010-KDB-DCS, 2020 WL 6776932 (W.D.N.C. July 29, 2020) (dismissing unjust enrichment claim as duplicative and dependent upon FLSA claim which provides the exclusive remedy for violation of federal overtime law), *aff'd sub nom. McPhee v. Lowe's Home Centers, LLC*, 860 F. App'x 267 (4th Cir. 2021); *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 567 (W.D.N.C. 2011).

## CONCLUSION

For the reasons set forth above, Defendants ask that the Court dismiss with prejudice Plaintiff's Third, Fourth, and Fifth Counts of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 21st day of October, 2024.

> */s/Hayley R. Wells*
> Hayley R. Wells
> N.C. State Bar I.D. No.: 38465
> email: docket@wardandsmith.com *
> email: hrw@wardandsmith.com**
> X. Lightfoot
> N.C. State Bar I.D. No.: 54900
> email: xlightfoot@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 2020
> Asheville, NC 28802-2020
> Telephone: 828.348.6070
> Facsimile: 828.348.6077
> Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order entered on June 18, 2024, in the United States District Court for the Western Division of North Carolina, docket number 3:24-mc-104, I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources.

I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com *
email: hrw@wardandsmith.com**
X. Lightfoot
N.C. State Bar I.D. No.: 54900
email: xlightfoot@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4870-1019-3648, v. 3