IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, and DAVID MAY<br><br>Defendants. | Civil Action No. 1:24-cv-00204-MR-WCM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Logan Venclauskas ("Plaintiff"), on behalf of himself and all similarly situated individuals, brings this case against Defendants Hillman Beer, LLC ("Hillman Beer"), Greig Hillman, Bradley Hillman, and David May, (collectively "Defendants") to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA")).

Plaintiff filed his class and collective action complaint (the "Complaint") in the United States District Court for the Western District of North Carolina, Asheville Division on August 7, 2024. *See* ECF No. 1. The crux of Plaintiff's Complaint with respect to the NCWHA alleges that Defendants wrongfully withheld and/or diverted tips in violation of § 203(m)(2)(B) and analogous North Carolina wage and hour law. *See* Compl. ¶¶ 79-81, 85, 89.

The Complaint alleges five separate counts. One, Defendants wrongfully withheld and/or diverted employee tips. Two, Defendants failed to comply with the statutory requirements in 29 U.S.C. § 203(m)(2)(B) to claim a "tip credit" (i.e., to pay a tipped minimum wage). Three,

1

Defendants failed to pay minimum wage under N.C. Gen. Stat. § 95-25.3 ("Count III").[1] Four, Defendants failed to pay wages due under (1) the timely payment provision in N.C. Gen. Stat. § 95-25.6 by withholding and/or diverting tips ("Timely Payment Claim") and (2) wrongfully withheld and/or diverted tips ("Tip Withholding Claim") in violation of N.C. Gen. Stat. § 95-25.8 ("Count IV"). And five, as a result of the Timely Payment Claim and Tip Withholding Claim, Defendants were unjustly enriched ("Count V").

Defendants filed their partial motion to dismiss ("MTD") on October 21, 2024 (ECF No. 20), arguing that Plaintiff's state law claims Counts III through V are exempt under the NCWHA. *Id.*, PAGEID 4-11. On November 1, 2024, the Parties filed a motion to stay pending mediation. ECF No. 22. The Court granted the motion to stay, in part, and extended Plaintiff's deadline to file this response to January 22, 2025. *See* Text Order on November 1, 2024. The Parties participated in mediation on January 8, 2025, but were unable to reach a resolution. For the reasons set forth below, Plaintiff respectfully asks the Court to deny Defendants' MTD with respect to Plaintiff's state law claims (Counts IV and V of the Complaint).

## II. BACKGROUND

Defendants own and operate an establishment known as Hillman Beer with multiple locations in North Carolina. *See* Compl. ¶¶ 2, 14. Plaintiff Logan Venclauskas worked for Defendants as a tipped employee serving food and drinks to Hillman Beer customers during the relevant time period. *Id.* ¶ 78. Plaintiff and other tipped employees were paid less than minimum wage but received tips from customers in addition to a base compensation. *Id.* ¶¶ 78, 82, 84, 86, 88. Defendants also hired or retained individuals in "non-tipped" positions including managers. *Id.* ¶ 81. Plaintiff alleges that Defendants routinely diverted tips to employees working in a non-

---

[1] Plaintiff withdraws Count III.

tipped capacity and failed to provide tipped employees with notice of the tip credit policy. *Id.* ¶ 81, 83, 85, 88.

In the context of the NCWHA, Plaintiff alleges Defendants failed to timely pay tips earned and improperly withheld tips. *Id.* ¶¶ 4, 81, 85, 88-89, 128, 143. These claims are separate and in addition to the FLSA claims. The Complaint seeks the precise recompense of these tips through Counts IV and V on behalf of Plaintiff and the putative collective and class actions.

### III. ARGUMENT

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomellie*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). In ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's well-pleaded allegations as true and liberally construe all reasonable inferences in Plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The precise question here is whether Counts IV and V seek recovery of minimum wage as detailed in Count III and are thus exempt under N.C. Gen. Stat. § 95-25.14. The answer is a resounding "no." Count IV seeks recovery under the Timely Payment (N.C. Gen Stat. § 95-25.6) and Tip Withholding (N.C. Gen. Stat. § 95-25.8) claims. Similarly, the unjust enrichment claim is predicated upon the same facts and alleges that Defendants were unjustly enriched as a result of

3

(1) not paying Plaintiff and Class Members in the proper timeline and (2) improperly withholding and/or diverting tips.

A.  **Plaintiff Adequately Pleads Causes of Action Under N.C. Gen. Stat. § 95-.25.6 and N.C. § 95-2.5.8 – Neither Claim is Exempt Under the NCWHA**

N.C. Gen. Stat. § 95-25.6 states that "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday." The statute "provides a mechanism for the recovery of wages *other than* unpaid *minimum wages*, which are specifically addressed under Section 95-25.3" *Hanson-Kelly v. Weight Watchers Intern., Inc.*, No. 1:10-cv-65, 2011 WL 2689352, *2 (M.D.N.C. July 11, 2011). This statute explicitly distinguishes the Timely Payment Claim from the minimum wage claim under N.C. Gen. Stat. § 95-25.3 and other unpaid wages due. *Id.*; *see also See Whitehead v. Sparrow Enter. Inc.*, 167 N.C.App. 178, 182, 605 S.E.2d 234 (2004) (discussing the relationship between the exemption statute, N.C. Gen. Stat. § 95-25.14, and the minimum wage statute, N.C. Gen. Stat. § 95-25.3)

Similarly, N.C. Gen. Stat. § 95-25.8(a)-(b) establishes the employer's requirements to withhold wages. Again, as with the Timely Payment Claim, this subsection provides for relief that is separate from a minimum wage claim.

First, Defendants' MTD ignores these distinctions and attempts to categorize both claims under Count IV as "minimum wage claims." In doing so, Defendants improperly characterizes Plaintiff's Complaint as nothing more than a "reproduc[tion] [of] his minimum wage claim." ECF No. 21, PAGEID 6. This position is incorrect and misunderstands and misstates the allegations in the Complaint:

> ¶ 81: During some or all of the relevant time period, Defendants forced Plaintiff and similarly situated employees to share tips with other employees, such as managers, who are not eligible to share in a tip pool.

¶88: Defendants routinely retained tips earned by Plaintiff and/or diverted tips earned by Plaintiff to employees working in non-tipped capacities.

¶89: By withholding and/or diverting tips and failing to provide notice of the tip credit under the FLSA and the NCWHA, Defendant forfeited the right to pay Plaintiff a tipped minimum wage and now owes him the difference between the tipped wage rate paid and full minimum for every hour worked.

¶141: N.C. Gen. Stat. § 95-25.6 requires that Defendants pay Plaintiff and the Rule 23 Class all wages and tips at least once each month on regular paydays established by Defendant.

¶142: N.C. Gen. Stat. § 95-25.2 defines "wages" as "compensation for labor or services rendered by an employee . . . [and] includes sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments."

¶143: During all or part of the relevant time period, Defendant failed to properly distribute tip income to Plaintiff and the Rule 23 Class in violation of N.C. Gen. Stat. § 95-25.8.

Reading the Complaint in context, it explicitly alleges that Defendants failed to timely pay tips earned and wrongly withheld tips. Whereas the FLSA is concerned with the payment of minimum wage,[2] N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 provide for additional relief to aggrieved employees. These allegations, accepted as true, state a claim at the Fed. R. Civ. P. 12(b)(6) stage because they notify Defendants that Plaintiff is seeking unpaid earned wages (separate and apart from minimum wage) on behalf of himself and the Class and "[t]hat is *all that is required* by the Rules and case law." *Zelaya v. J.M. Macias, Inc.*, 999 F.Supp. 778, 781 (E.D.N.C. 1998) (finding that Plaintiffs' invocation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.22 was enough to place "defendants on notice that plaintiffs [were] seeking payment of earned wages which were not paid when they were due" (emphasis added)).

To explicitly rebut Defendants' reliance on *Santos v. M.A.C. Grading Co.*, No. 7:19-cv-219-D, 2020 WL 13815229 (E.D.N.C. Aug. 27, 2020), Plaintiff's claims in Count IV are not

---

[2] The FLSA is best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015).

"masquerading" as minimum wage claims—the Timely Payment and Tip Withholding claims are additional causes of action that the NCWHA permits separate and apart from any minimum wage claim. By way of example, an employee may be paid in accordance with the NCWHA's minimum wage provision, but still have claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8.

Second, Defendants lack any statutory basis to claim that either Subsections 6 and 8 of the NCWHA are exempt under N.C. Gen. Stat. § 95-25.14. There is no reference to either provision in Subsection 14 because both Subsections 6 and 8 seek different forms of recovery than a claim for minimum wage—i.e., either a timely payment claim (pay wages when wages are due) and/or a wrongful wage withholding/diverting claim. *See Whitehead*, 167 N.C.App. at 182 (holding that N.C. Gen. Stat. § 95-25.14 does not cover N.C. Gen. Stat. §§ 95-25.6 and 95-.25.8 of the NCWHA and thus defendant's exemption argument was overruled); *see also Torres-Tinajero v. Alpha Constr. Of the Tirad, Inc.*, No. 1:18-cv-160, 2020 WL 5411748, at *4 (M.D.N.C. Sept. 9, 2020) ("N.C. Gen. Stat. § 95-25.14 does not direct FLSA preemption as to Plaintiff's claim brought pursuant to N.C. Gen. Stat. § 95-25.6 for failing to pay promised wages when due on Plaintiff's regular payday."); *Mebane v. GKN Driveline North America, Inc.*, 499 F.Supp.3d 220, 228 (M.D.N.C. 2020) (concluding that the "payday statute" N.C. Gen. Stat. § 95-25.6 is not listed as exempt under § 95-25.14 and, therefore, is not exempt under state law nor preempted by the FLSA).

Third, case law within the federal courts of North Carolina makes clear that an FLSA claim for failure to pay minimum wage and a NCWHA Timely Payment and Tip Withholding claim can proceed at the same time, even if based on the same set of facts, if they are seeking different forms of relief. *see Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) (finding that although plaintiffs' claim for unpaid wages under N.C. Gen. Stat. § 95-25.6

6

Case 1:24-cv-00204-MR-WCM    Document 27    Filed 01/22/25    Page 6 of 10

was based on the same set of facts as the FLSA claim, Plaintiffs sufficiently stated a claim for unpaid wages separate and distinct from the FLSA claim); *Hanson-Kelly v. Weight Watchers Intern., Inc.*, No. 1:10-cv-65, 2011 WL 2689352, *5 (M.D.N.C. July 11, 2011) (denying defendants' motion to dismiss when plaintiffs were alleging unpaid wages under N.C. Gen. Stat. § 95-25.6 and concluding that the "unpaid wage claim is not preempted by the FLSA"); *In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage Litig.*, 517 F.Supp.3d 484, 512 (W.D.N.C. 2021) (noting that the underlying facts of multiple employment claims are necessarily the same).

This case is no different. Even though the claims are based on the same set of facts and allegations, the relief sought is different. Defendants' position ignores this premise and stands in contrast to case law. *See Lima v. MH & WH, LLC*, No. 5:14-cv-896-FL, 2019 WL 2602142, at *15 (E.D.N.C. Mar. 8, 2019) (concluding that Plaintiffs NCWHA claim could proceed "to the extent it seeks unpaid, earned compensation apart from overtime pay"); *Canales v. OPW Fueling Components, LLC*, No. 5:22-cv-459-BO, 2024 WL 136183, at *4 (E.D.N.C. Mar. 29, 2024) (same); *Figueroa v. Butterball, LLC*, No. 5:20-cv-585-D, 2021 WL 4203652, at * 7 (E.D.N.C. Sept. 15, 2021) (same); *In re Lowe's Litig.*, 517 F.Supp.3d at 512 (holding that state law is the "proper vehicle" to pursue a claim for unpaid wages earned when the employee has been paid at least minimum wage); *see also Meller v. Wings over Spartanburg, LLC*, No. 2:15-cv-2094-PMD, 2016 WL 1089382, at *3 (D.S.C. Mar. 21, 2016) (holding that plaintiffs may bring a state law wage claim to seek recovery of tips earned).

Plaintiff's claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 are separate and distinct from the minimum wage claim under the FLSA. Likewise, there is no statutory basis to claim N.C.

Gen. Stat. § 95.25.14 applies to either subsection. Accordingly, construing all reasonable facts in inferences in Plaintiff's favor, Defendants' MTD should be denied.[3]

**B.     Plaintiff Adequately Pleads a Claim for Unjust Enrichment**

To plead a claim for unjust enrichment, a plaintiff must allege (1) a benefit conferred on another party; (2) conscious accepting of the benefit; and (3) "the benefit was not conferred gratuitously or by an interference in the affairs of the other party." *Worley v. Moore*, No. 15-cvs-1316, 2018 WL 5795741, at *9 (N.C. Nov. 2, 2018) (citation omitted). "Broadly stated, the essence of a claim for unjust enrichment . . . is that even if a party has been the victim of unlawful conduct, if it has nevertheless received benefits related to the wrongdoing that in equity should be offset against its damages then it should be required to offset those benefits." *Mode v. S-L Distribution Co., LLC*, No 3:18-cv-00150-kbd-dsc, 2021 WL 3921344, at *20 (W.D.N.C. Sept. 1, 2021). A plaintiff may plead an unjust enrichment claim, "even if [the] plaintiff may not ultimately be able to prevail" on the claim if liability is found elsewhere in law. *James River Equip., Inc. v. Mecklenburg Utils., Inc.*, 179 N.C. App 414, 419, 634 S.E.2d 557, 560 (2006)

Defendants repeat the same argument as above: Plaintiff's cause of action for unjust enrichment should be dismissed because it is preempted by the FLSA or duplicative of other claims. In support, Defendants rely almost exclusively on *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007), claiming it holds that state law claims based on the same allegations used for FLSA claims are preempted by the FLSA. Defendants again mischaracterize Plaintiff's Complaint, misconstrue the underlying alleged facts, and otherwise fail to recognize the significant difference in state law claim remedies compared to FLSA remedies. Most critically, "the FLSA is

---

[3] To the extent the Court agrees that the Complaint does not sufficiently distinguish the claims for timely payment of wage and withholding and/or diverting wages and failure to pay minimum wage, Plaintiff respectfully asks the court to grant leave to file an amended complaint.

8

not intended to preempt independent state wage and hour laws that cover the same conduct as the FLSA, even if those laws offer Plaintiffs additional remedies or procedural protections." *In re Lowe's Litig.*, 517 F.Supp.3d at 499. While Plaintiff agrees that the law in the Fourth Circuit makes clear that a state law claim duplicating a FLSA claim is preempted, *see Anderson*, 508 F.3d at 194, the claim is not preempted if Plaintiff seeks a recovery separate and apart from what is permitted under the FLSA –i.e., the Timely Payment and Tip Withholding claims. This is so because the FLSA *only* allows for recovery of underpayment of minimum wage or failure to pay overtime wages. *Trejo*, 795 F.3d at 446. If the unjust enrichment claim seeks recovery of wages outside of those categories, it must be allowed to proceed at this stage of litigation, even if later proceedings render the claim moot. *See Mode*, 2021 WL 3921344, at *20, n.34 (noting that an unjust enrichment claim may become moot if liability is found).

The Court is not required at this point, despite Defendants' contentions, to decide whether Plaintiff will ultimately be successful on his claims, but rather, whether he has adequately pleaded claims for relief that are plausible on its face under Fed. R. Civ. P. 12(b)(6). *Ashcroft*, 556 U.S. at 678; *see also Meller*, 2016 WL 1089382, at *3 (denying defendants' motion to dismiss with respect to the unjust enrichment claim and concluding that plaintiffs only avenue for recovering certain wages would be through state law and unjust enrichment causes of action). Plaintiff has adequately pleaded a claim for unjust enrichment, and therefore, the Court should deny Defendants' MTD.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' MTD with respect to Counts IV and V of the Complaint or, in the alternative, allow Plaintiff leave to file an amended Complaint to further address the difference between Plaintiff's claims under N.C. Gen. Stat. § 95.25.6 and N.C. Gen. Stat. § 95.25.8.

9

Dated: January 22, 2025            Respectfully submitted,

By: */s/ Philip J. Krzeski*
Philip J. Krzeski
**CHESTNUT CAMBRONNE, PA**
100 Washington Avenue S, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339- 7300
*pkrzeski@chestnutcambronne.com*

Scott C. Harris, NC Bar ID No. 35328
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27602
Telephone: (919) 600-5003
*sharris@milberg.com*

Joseph M. Lyon\*
Kevin M. Cox\*
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
*jlyon@thelyonfirm.com*
*kcox@thelyonfirm.com*

\* *Pro Hac Vice* forthcoming

***Counsel for Plaintiff and the Putative Class***