IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:24-cv-00204

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, AND DAVID MAY<br><br>Defendants. | **DEFENDANTS' MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER** |

Defendants Hillman Beer, LLC ("Hillman Beer"), Greig Hillman ("Mr. Greig"), Bradley Hillman ("Mr. Bradley"), and David May ("Mr. May") (collectively, "Defendants"), by and through the undersigned attorneys, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules, move the Court to strike Plaintiff's putative Notice of Filing Consent to Join Forms (D.E. 25) and the "Consent to Join Collective Action" forms attached thereto ("Consent Forms"), filed on January 16, 2025. Defendants further move the Court for entry of a Protective Order prohibiting Plaintiff and Plaintiff's counsel from solicitation of potential opt-in plaintiffs before the Court enters an Order of conditional certification of an FLSA collective and an Order authorizing the content of the notice to be

provided to putative collective members and the means by which said notice should be communicated.

As more fully set forth in the accompanying Brief in Support of Defendants' Motion to Strike and Motion for Protective Order, Defendants show the Court as follows:

1. Plaintiff filed his Complaint on August 7, 2024. (D.E. 1).

2. Although the Complaint asserts claims against Defendants on behalf of Plaintiff, it also purports to assert claims on behalf of a collective under the Fair Labor Standards Act of 1938 ("FLSA") and on behalf of a class under Fed. R. Civ. P. 23 for alleged violations of the North Carolina Wage and Hour Act and North Carolina state law. (D.E. 1).

3. On October 21, 2024, Defendants moved to dismiss the North Carolina Wage and Hour Act claims and North Carolina state law claims. (D.E. 20). That Motion remains pending.

4. On November 1, 2024, the parties jointly moved the Court to stay the case and all deadlines as to all parties until January 22, 2025, pending the outcome of mediation and settlement negotiations. (D.E. 22).

5. On November 1, 2024, through a text Order, the Court granted the Motion to Stay, in part by extending the deadline for Plaintiff to respond to the Motion to Dismiss until January 22, 2025. The Court otherwise denied the Motion to Stay.

6. On January 8, 2025, the parties engaged in a voluntary early mediated settlement conference. The conference resulted in an impasse without a settlement being reached.

7. On January 16, 2025, Plaintiff filed the Notice of Filing of Consent to Join Forms. (D.E. 25). The Consent Forms are attached to the Notice of Filing of Consent to Join Forms. (D.E. 25-1).

8. The Consent Forms are submitted on behalf of the named Plaintiff, Logan Venclauskas, as well as Suzanna Venclauskas, Arica Crouse, and Alec Graham. (D.E. 25-1).

9. To date, Plaintiff has not moved the Court to conditionally certify this case as a collective action under 29 U.S.C. § 216(b) of the FLSA or otherwise sought the Court's permission or authorization to send notice and opt-in consent forms to potential plaintiffs.

10. Plaintiff should have sought conditional certification of the collective before providing notice to any potential plaintiffs of the collective and seeking their consent to opt-in.

11. Plaintiff's counsel was required to obtain Court approval of the content of the purported notice or, in the alternative, the consent of the undersigned as to the content of said notice before communicating notice of the collective and the option to opt-in to individuals (other than the Plaintiff) who have filed the Consent Forms.

12. To date, the Court has neither granted conditional certification of an FLSA collective action nor approved the content of any notice to the putative collective members and the means of communicating said notice.

13. To date, Plaintiff's counsel has not sought the consent of Defendants' counsel as to the content of any notice to be provided to any potential plaintiffs.

14. Pursuant to LCvR 7.1, the undersigned counsel has conferred with counsel for Plaintiff in good faith regarding this motion to determine whether Plaintiff would consent to the relief sought. Plaintiff's counsel indicates that he opposes this motion.

Wherefore, Defendants ask the Court to enter an Order striking the Consent Forms and denying joinder of the three putative opt-in Plaintiffs who prematurely attempted to opt into the suit, and directing Plaintiff not to file any further opt-in forms until such time as the Court has conditionally certified a collective action. Additionally, Defendants ask the Court to enter an Order prohibiting Plaintiff and Plaintiff's counsel from any solicitation of potential opt-in plaintiffs before the Court enters an Order of conditional certification of an FLSA collective and an Order authorizing the content of the notice to be provided to putative collective members and the means by which said notice should be communicated.

Respectfully submitted this the 27th day of January 2025.

                     */s/Hayley R. Wells*
                     Hayley R. Wells
                     N.C. State Bar I.D. No.:  38465
                     email:  docket@wardandsmith.com *
                     email:  hrw@wardandsmith.com**
                     X. Lightfoot
                     N.C. State Bar I.D. No.:   54900
                     email: xlightfoot@wardandsmith.com
                     For the firm of
                     Ward and Smith, P.A.
                     Post Office Box 2020
                     Asheville, NC  28802-2020
                     Telephone:  828.348.6070
                     Facsimile:  828.348.6077
                     Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4908-7117-4417, v. 2