IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:24-cv-00204

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, AND DAVID MAY<br><br>Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER** |

## INTRODUCTION

Defendants Hillman Beer, LLC ("Hillman Beer"), Greig Hillman ("Mr. Greig"), Bradley Hillman ("Mr. Bradley"), and David May ("Mr. May") (collectively, "Defendants"), by and through the undersigned attorneys, submit this Brief in Support of their Motion to Strike and Motion for Protective Order.

## BACKGROUND

Plaintiff filed his Complaint on August 7, 2024. (D.E. 1). Although the Complaint asserts claims against Defendants on behalf of Plaintiff individually, it also purports to assert claims on behalf of a collective under the Fair Labor Standards Act of 1938 ("FLSA"), and a Rule 23 class action under the North Carolina Wage and Hour Act ("NCWHA"), and North Carolina state law. (D.E. 1).

On October 21, 2024, Defendants moved to dismiss the NCWHA claims and state law claims. (D.E. 20). That Motion remains pending. On November 1, 2024, the parties jointly moved the Court to stay the case and all deadlines as to all parties until January 22, 2025, pending the outcome of their participation in a voluntary early mediated settlement conference. (D.E. 22). On November 1, 2024, the Court, through a text Order, granted in part and denied in part the Motion to Stay. The Court partly granted the Motion to Stay by extending the deadline for Plaintiff to respond to the Motion to Dismiss until January 22, 2025, but otherwise denied it.

On January 8, 2025, the parties engaged in a voluntary early mediation, which resulted in an impasse; no settlement agreement was reached. On January 16, 2025, Plaintiff filed the Notice of Filing of Consent to Join Forms. (D.E. 25). The Consent Forms are attached to the Notice of Filing. (D.E. 25-1). They are submitted on behalf of the named Plaintiff, Logan Venclauskas, as well as Suzanna Venclauskas, Arica Crouse, and Alec Graham. (D.E. 25-1).

To date, Plaintiff has *not* moved the Court to conditionally certify this case as a collective action under 29 U.S.C. § 216(b) of the FLSA or otherwise sought the Court's permission to send notice and opt-in consent forms to potential plaintiffs. Plaintiff and/or his counsel have apparently[1] sent an unauthorized notice to several of Hillman Beer's former employees informing them of the suit and encouraging them

[1] Defendants know nothing about how such former employees learned of the lawsuit or the opportunity to submit the Consent to Join Collective Action Forms. It appears that they were prepared with the assistance of counsel.

to join it by "opting-in" and facilitated their execution of the Consent Forms. Yet Plaintiff has failed to seek or obtain conditional certification of the collective action and failed to seek or obtain Court approval of the content of the notice to the putative members of the collective. Plaintiff's counsel has also failed to seek or obtain the consent of the undersigned as to the content of any such notice to be provided to putative collective members. And the Court has had no opportunity to consider the content of any such notice or how (or even whether) it should be communicated to putative potential FLSA claimants. Accordingly, the Consent Forms should be stricken. Plaintiff and Plaintiff's counsel should also be ordered to refrain from any further communication, contact, or solicitation of putative collective members about opting into the collective, unless and until authorized by the Court.

## ARGUMENT

### *I. The Court should strike the Consent Forms because Plaintiff has circumvented the Court's authority and role under the FLSA in obtaining them.*

Plaintiff has jumped the gun. He has done so by unilaterally providing notice of this action and obtaining the Consent Forms before seeking certification of this case as a collective under 29 U.S.C. § 216(b) or seeking the Court's approval of such notices. He has thus circumvented the Court's role in the notice process. Thus, the Court should strike the Consent Forms filed so far and preclude Plaintiff from filing more consent to opt-in forms until he has obtained conditional certification of a collective, and the Court has approved the form of the notice to be provided to potential plaintiffs.

*FLSA collective certification process.*

The FLSA permits a plaintiff who has alleged a violation of the act to bring suit on his own behalf and on behalf of other employees who are "similarly situated." 29 U.S.C. § 216(b). But simply filing a complaint that alleges to assert a collective action does not entitle a plaintiff to proceed with a collective action. Instead, the Court must *first* certify the collective. To do so, (1) the Court must find that the members of the proposed class are similarly situated, and (2) the class members must "opt-in" by filing their consent to join the suit. *Dearman v. Collegiate Housing Servs., Inc.*, 5:17-cv-00057-RJC-DCK, 2018 WL 1566333, at *2 (W.D.N.C. Mar. 30, 2018); *Long v. CPI Sec. Sys., Inc.* 292 F.R.D. 296, 298 (W.D.N.C. 2013); *Chemi v. Champion Mortg.*, No. 05-CV-1238 (WHW), 2006 WL 7353427, at *3 (D.N.J. June 21, 2006) (threshold issue in determining whether it is appropriate to authorize class notice in an FLSA action is whether the class members are "similarly situated").

Federal district courts, including this one, within the Fourth Circuit follow a two-step approach for determining whether putative collective members are "similarly situated" for purposes of certifying the collective action. *Holland v. Fulenwider Enterprises, Inc.*, No. 1:17-cv-48, 2018 WL 700801, at *2 (W.D.N.C. Feb. 2, 2018). That initial step requires the plaintiff to show "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.*at *2. In addition, the plaintiff must show the Court that the putative class is manageable. *In re Family Dollar FLSA Litigation,* No. 3:12-cv-1951, 2014 WL 1091356, at *1 (W.D.N.C. Mar. 18, 2014).

If the plaintiff makes this initial showing, then the Court may conditionally certify the collective. "At the first stage, commonly referred to as the 'notice stage,' 'if the court makes the preliminary determination that notice should be given to potential class members, [then] it 'conditionally certifies' the class and potential class members can then 'opt-in.'" *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592-FDW-DSC, 2011 WL 4351631, at *3 (W.D.N.C. Sept. 16, 2011). It is only at that point that the Court will authorize the plaintiff's counsel to provide notice to the putative plaintiffs in a form approved by the Court. *Danford v. Lowe's Home Centers, LLC,* No. 5:19-CV-00041-KDB-DCK, 2019 WL 4874823, at *7 (W.D.N.C. Oct. 2, 2019); *Long*, 292 F.R.D. at 299 (requiring the parties to confer and jointly submit to the court the proposed content of the notice to be sent to the conditionally certified collective members); *Hoffman-La Roche, Inc.*, *v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482 (1989) (finding that court approval of notice in collective actions is necessary to prevent misleading communications from counsel).

*The Court's role in the notice process.*

"The FLSA manifests a preference that[,] when collective action certification is granted, a court-controlled notice be provided to potential putative plaintiffs, rather than permitting unregulated solicitation efforts to secure joinder by those individuals." *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 456 (M.D.N.C. 2015). Additionally, in *Hoffman-La Roche*, the Supreme Court held that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage

the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." 493 U.S. at 170. Plaintiff has usurped the Court's authority to do so before even seeking to have the Court certify the collective or asking the Court to approve of the notice to be sent to potential claimants (and for that matter before giving Defendants' counsel an opportunity to provide input with respect to the notice).

The district courts possess wide discretion in controlling the notice process, including determining how notice will be sent to putative plaintiffs. *Id.*; *see also Pfeffer v. Bank of America Corp.*, 3:23-cv-0813, 2024 WL 35559600, *5 (W.D.N.C. July 26, 2024). In *Pfeffer,* the Court limited plaintiff to providing *one* notice by mail, email and text message (in the form ordered by the Court) and "expressly prohibit[ed] Plaintiff from using any form of oral notice (for example, speaking to individuals via phone call or leaving phone messages)" and prohibited plaintiffs from contacting or otherwise communicating with putative class members in any other manner than as authorized by the Court unless the putative plaintiff initiated the contact, in which case a response was permitted to such individuals). *Id.* The *Pfeffer c*ourt imposed these limits on notice because the plaintiff's counsel failed to meet and confer on the content of the proposed notice or address the defendant's objections to their notice.

The Court's discretion with respect to the notice process allows it to determine the content of the notice, limit the size of the proposed collective, and restrict duplicative notices. *Moseman v. U.S. Bank Nat'l Ass'n*, No. 3:17-cv-00481-FDW-DCK, 2018 WL 3616864 (W.D.N.C. June 12, 2018). Plaintiff, by providing

notice of the collective and seeking opt-ins without the Court's oversight, has effectively substituted his discretion for that of the Court. That flies in the face of the Court's responsibility to manage and oversee the joinder of additional parties in collective litigation like this.

### ***II. The Court has the sole authority and discretion to determine whether Plaintiff has the right to provide notice to potential plaintiffs.***

The Court has the sole authority to determine whether Plaintiff has the right to provide notice to potential plaintiffs. *Hoffman-La Roche*, 493 U.S. at 170. It does so through the conditional certification process. Once the Court has determined that the plaintiff has made the requisite showing, then and only then is the plaintiff permitted to provide notice and seek opt-ins. *Blaney*, 2011 WL 4351631, at *3; *Pfeffer*, 2024 WL 3559600, *5 ("Once a court decides to conditionally certify an FLSA collective, the next step is authorizing notice to putative plaintiffs.").

Plaintiff has not sought conditional certification of a collective action from the Court, approval from the Court of the content of notice to prospective plaintiffs, or input by Defendants' counsel on the content of such a notice. Other courts have stricken consents to opt-in filed without the Court's authorization when the plaintiff's counsel failed to confer with the defendant's counsel. *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (holding that, "after suit was filed, . . . we do not think it would have been proper for Woods or his counsel to have sent out such invitations [to other members of the class to join with him] without first communicating to the defendant's counsel his intention to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice

and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner."); *Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d 10, 17 (D.P.R. 2005) (concluding that "the trial court must first authorize whether the alleged class should be provided with notice" and striking opt-in notices that were filed with the court before the court had granted the plaintiff authorization to provide notice of the collective action, because the notices failed to establish a factual nexus between the complaint and the consent forms based on the facts averred).

There may not be a statute expressly prescribing the duty of the plaintiff's counsel to notify defendant's counsel before providing notice or controlling the court's ability to regulate the content and distribution of such notice to putative collective members, but that duty and power can be inferred from 29 U.S.C. § 216(b) and Fed. R. Civ. P. 83, the latter of which provides that, "in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with the Federal Rules." *Woods*, 686 F.2d at 580.

The court in *Kirkpatrick v. Cardinal Innovations Healthcare Solutions,* recognized the holding in *Woods* that "it would not have been proper for plaintiff's counsel to solicit opt-in forms without first telling the <u>defendant</u> of his intent to do so and giving it the opportunity to 'verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limit its distribution in an appropriate manner.'" 1:16CV1088, 2017 WL 3841858 (M.D.N.C. Sept. 1, 2017), *2 (emphasis in original). The court in *Kirkpatrick* did not strike the opt-ins at issue, but, unlike this

action, the defendant in *Kirkpatrick* did not argue that the plaintiff's counsel had failed to reach out about the notice and consent forms. It contended only that the opt-in forms should have been filed after conditional certification. The circumstances of this action mirror those in *Woods*, where the plaintiff solicited and submitted opt-ins without telling the defendant or providing it with an opportunity to review and object to the notice.

In the case of *Chemi v. Champion Mortg.*, the district court noted that the FLSA is silent on whether consents to opt-in may be filed before conditional certification has occurred. No. 05-CV-1238 (WHW), 2006 WL 7353427, at *8 (D.N.J. June 21, 2006). But the court went on to hold that, "[a]t the very least, plaintiffs' counsel should have waited to submit consents to opt-in, whether solicited directly or obtained indirectly, following this Court's determination of the motion to conditionally certify the class for purposes of notice. *Id.* at *9; see also *Melendez Cintron,* 363 F.Supp.2d at 17 (striking consents to opt-in that were filed with the court without first seeking authorization to notice the alleged class). *But see Wertheim v. State of Arizona,* No. CIV 92-453 PHX RCB, 1993 WL 603552, at *8 (D.Ariz Sep. 30, 1993) (allowing consents to opt-in that were otherwise not obtained through direct solicitation by plaintiff or his counsel).

The *Chemi* court also cited *Woods* with approval for the proposition that, despite the lack of statutory guidance, a number of other courts "explicitly recognized that striking opt-ins before the court's authorization of notice is an appropriate remedy in circumstances where plaintiffs or their counsel embark in direct

solicitation efforts to obtain consents without the input or participation of defense counsel or the court." *Id.* at *8. The Defendants have no idea of how the opt-in plaintiffs became aware of this action. They may have been solicited or contacted by Plaintiff or his counsel or initiated the contact themselves. In any event, the Consent Forms suggest that the completion of the forms was solicited by counsel.

The Plaintiff in this case has not even *filed* a motion to conditionally certify a collective action. Unless and until that occurs, Plaintiff should not be permitted to solicit opt-in plaintiffs or file such opt-ins with the Court. To allow otherwise would be to exclude the Court and Defendants from the notice process and interfere with the Court's ability to control joinder of additional parties. That's not what the FLSA collective process contemplates. Accordingly, the Court should strike the opt-ins and direct Plaintiff not to file any further opt-ins unless and until the Court has conditionally certified a collective and approved of the content of any notice to be provided to the potential plaintiffs.

***III. The Court should enter a protective order limiting Plaintiff and his counsel from further solicitation or contact with prospective plaintiffs until such time as the Court has conditionally certified a collective and approved the content of an appropriate notice.***

The Court should enter a protective order directing Plaintiff and his counsel to refrain from further solicitation or contact with prospective plaintiffs about this case and opting-in to it until the Court has conditionally certified a collective and approved of the content and means of providing a conditionally certified collective action notice. Such solicitation, otherwise, is inconsistent with the Court's inherent authority to determine whether notice is appropriate and how it should be given. A

protective order is needed to ensure that Defendants will have an opportunity to review and, if appropriate, contest the content of any proposed notice to prospective plaintiffs and offer input to the Court as regards the means by which such a notice should be provided.

## CONCLUSION

For the reasons set forth above, Defendants ask that the Court strike the Consent Forms (D.E. 25-1), direct Plaintiff not to file any further opt-in forms until such time as the Court has conditionally certified a collective action, and enter a Protective Order prohibiting Plaintiff and Plaintiff's counsel from any solicitation of potential opt-in plaintiffs before the Court has entered an Order of conditional certification of an FLSA collective and an Order authorizing the content of the notice to be provided to putative collective members and the means by which said notice should be communicated.

Respectfully submitted this the 27th day of January, 2025.

*/s/Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com *
email: hrw@wardandsmith.com**
X. Lightfoot
N.C. State Bar I.D. No.: 54900
email: xlightfoot@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077

Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order entered on June 18, 2024, in the United States District Court for the Western Division of North Carolina, docket number 3:24-mc-104, I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources.

I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com *
email: hrw@wardandsmith.com**
X. Lightfoot
N.C. State Bar I.D. No.: 54900
email: xlightfoot@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4898-9245-4674, v. 3