# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,<br><br>  Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, and DAVID MAY<br><br>  Defendants. | Civil Action No. 1:24-cv-00204-MR-WCM<br><br><br>**UNOPPOSED MOTION TO CONDITIONALLY CERTIFY THE COLLECTIVE ACTION AND APPROVE STIPULATED FORM OF NOTICE OF COLLECTIVE ACTION.** |

Plaintiff Logan Venclauskas ("Plaintiff") respectfully requests the Court conditionally certify the proposed collective and approve the following Notice of Collective Action Lawsuit ("Notice") and Consent to Join ("Consent") forms, attached hereto as Exhibits A and B. The Parties have met and conferred prior to the filing of this Motion and have come to a stipulation and agreement as to a Collective definition, Notice forms, and Notice deadlines as set forth below. In support of this Motion the Parties state the following:

1. Plaintiff Logan Venclauskas filed his Complaint under the Fair Labor Standards Action ("FLSA"), 29 U.S.C. § 201, *et seq.* and requested that the case proceed as a collective action Under 29 U.S.C. § 216(b) on behalf of tipped workers employed by Defendants. Plaintiff also asserted state law claims under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*. as a Rule 23 class action, and North Carolina state law. (D.E. 1).

1

2. Plaintiff is a former tipped server who was employed by Defendant Hillman Beer, LLC ("Hillman Beer"), which Plaintiff alleges is owned and/or operated by Greig Hillman, Bradley Hillman, and David May. *Id*.

3. Plaintiff alleges two primary FLSA claims: (1) Defendants failed to provide Plaintiff with the required tip credit notice under 29 U.S.C. § 203(m)(2)(A); and (2) Defendants illegally withheld tips under 29 U.S.C. § 203(m)(2)(B). *Id*.

4. On October 21, 2024, Defendants moved to Dismiss Plaintiff's NCWHA claims and state law claims. On November 1, 2024, the Parties moved to stay the case to attend mediation on January 8, 2025. (D.E. 22). The mediation was unsuccessful, and the Parties concluded briefing on Defendants' Motion to Dismiss on January 29, 2025. (D.E. 20). The Motion to Dismiss remains pending.

5. On January 16, 2025, Plaintiff filed the Notice of Filing of Consent to Join Forms on behalf of the named Plaintiff as well as Suzanna Venclauskas, Arica Crouse, and Alec Graham. (D.E. 25, 25-1). On March 20, 2025, Plaintiff filed the Notice of Filing of Consent to Join Forms on behalf of the named Plaintiff and Lauren Morbach. (D.E. 37). On March 21, 2025, Plaintiff filed the Notice of Filing of Consent to Join Forms on behalf of the named Plaintiff and Angie Bigelow. (D.E. 39). Suzanna Venclauskas, Angela Bigelow, Arica Crouse, Alec Graham, and Lauren Morbach are collectively referred to as "Potential Opt-In Plaintiffs."

6. On January 27, 2025, Defendants moved to strike Plaintiff's putative Consent Forms, and moved for entry of a Protective Order prohibiting Plaintiff and his counsel from solicitation of potential opt-in plaintiffs before the Court enters an Order of conditional certification of an FLSA collective and an Order authorizing the content of the notice

2

to be provided to putative collective members as well as the means by which said notice should be communicated. (D.E. 28). The Parties concluded briefing on Defendants' Motion to Strike on March 20, 2025. (D.E. 38). The Motion to Strike and For Protective Order remains pending.

7. After discussions between counsel, the Parties agree and stipulate to the following:

   a. The Parties consent to an Order conditionally certifying a collective under the Fair Labor Standards Act consisting of:

      i. All current and former servers and bartenders or other similar employees paid minimum wage minus a "tip credit" who have worked at any of the three Hillman Beer, LLC locations at any time from March 4, 2022[1] to the date of final judgment in this matter, who elect to opt in to this action (the "FLSA Collective").

   b. The Parties consent to an Order authorizing that the Notice and Consent Form to be sent to the proposed collective via email and U.S. Mail, attached hereto as Exhibits A and B. The Parties agree that this stipulation to conditional certification shall not be construed against Defendants as an admission that liability exists for any period of time, and Defendants do not waive their right to challenge any opt-in plaintiff as time-barred or to otherwise challenge the propriety of proceeding as a Collective action in the future.

   c. Notwithstanding this stipulation to conditional certification, the Parties acknowledge that Plaintiff retains the burden to move for and obtain final collective action certification, and Defendants reserve the right to oppose such Motion, and to file their own Motion to decertify the collective action.

---

[1] The Parties reserve all rights to make any argument under the FLSA statute of limitations if and when the need arises.

d.  The Parties agree that a copy of the Notice and Consent forms shall be sent by Plaintiff via U.S. Mail to all current and former servers and bartenders or other similar employees paid minimum wage minus a "tip credit" who have worked at any of the three Hillman Beer, LLC locations at any time from March 4, 2022, until present. In the event the Notice and Consent Form are returned as undeliverable, the Parties agree that Plaintiff's Counsel will process the name through a Change of Address database and will re-send the Notice to any new address identified through the database. The Parties proposed mailing Notice is attached as Exhibit B.

e.  The Parties also agree that the Notice and Consent Forms shall be sent by electronic mail to the proposed collective for whom Defendants possess an email address. The Parties proposed email Notice is attached as Exhibit A.

f.  The Parties agree that for purposes of sending Notice, Defendants agree to produce to Plaintiff's Counsel within fourteen (14) days following the Court's Order approving Notice, an Excel spreadsheet or electronic data listing the names, last known address, last known email address, dates of employment as a tipped worker, and restaurant location for all tipped workers who worked for Defendants on or after March 4, 2022. Plaintiff shall have fourteen (14) days after receipt of the spreadsheet to mail the Notice via U.S. Mail and email.

g.  The Opt-in Period shall be sixty (60) days from the date the Notice is sent. Any consent to join form postmarked or received on or before sixty (60) days after Notice was sent shall be considered to have been returned during the opt-in period.

4

WHEREFORE, the Parties respectfully request the Court enter an Order approving the

stipulations contained herein, and the Notice of Collective Action.

Respectfully Submitted,

| | |
|---|---|
| */s/ Philip J. Krzeski* | /s/  *Hayley R. Wells* |
| Philip J. Krzeski | Hayley R. Wells (Bar I.D. No.: 38465) |
| **CHESTNUT CAMBRONNE, PA** | X. Lightfoot (Bar I.D. No.: 54900) |
| 100 Washington Avenue S, Suite 1700 | **WARD AND SMITH, P.A.** |
| Minneapolis, MN 55401 | Post Office Box 2020 |
| Telephone: (612) 339- 7300 | Asheville NC 28802-2020 |
| *pkrzeski@chestnutcambronne.com* | Telephone: 828-348-6070 |
| | *docket@wardandsmith.com* |
| Scott C. Harris, NC Bar ID No. 35328 | *hrw@wardandsmith.com* |
| **MILBERG COLEMAN BRYSON PHILLIPS** | *xlightfood@wardandsmith.com* |
| **GROSSMAN, PLLC** | |
| 900 W. Morgan Street | ***Attorneys for Defendants*** |
| Raleigh, NC 27602 | |
| Telephone: (919) 600-5003 | |
| *sharris@milberg.com* | |
| | |
| Joseph M. Lyon* | |
| Kevin M. Cox* | |
| **THE LYON FIRM** | |
| 2754 Erie Avenue | |
| Cincinnati, OH 45208 | |
| Telephone (513) 381-2333 | |
| *jlyon@thelyonfirm.com* | |
| *kcox@thelyonfirm.com* | |
| | |
| * *Pro Hac Vice* forthcoming | |
| ***Counsel for Plaintiff and the Putative Class*** | |

ND:4896-2886-3537, v. 1