**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00204-MR-WCM**

| | | |
|---|---|---|
| **LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **O R D E R** |
| **HILLMAN BEER, LLC; GREIG HILLMAN; BRADLEY HILLMAN; and DAVID MAY,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

THIS MATTER is before the Court on the Defendants' Motion to Strike and Motion for Protective Order [Doc. 28], and the Plaintiff's Unopposed Motion to Conditionally Certify the Collective Action and Approve Stipulated Form of Notice of Collective Action [Doc. 40].

## I.    BACKGROUND

On August 7, 2024, Logan Venclauskas (the "Plaintiff") filed this action individually and on behalf of all others similarly situated against Hillman Beer, LLC; Greig Hillman; Bradley Hillman; and David May (collectively, the "Defendants").  [Doc. 1].  The Plaintiff alleges that Greig Hillman, Bradley Hillman, and David May own and operate Hillman Beer locations in Asheville,

Old Fort, and Morganton, North Carolina. [Id. at 9]. The Plaintiff, a tipped employee of the Defendants, alleges that he and those similarly situated were forced to share tips with employees who were "not eligible to share in a tip pool," and that the Plaintiff and those similarly situated were "paid minimum wage minus a tip credit for hours worked." [Id.]. As such, the Plaintiff asserts a collective action claim for a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; and class action claims for a violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq., and unjust enrichment. [Doc. 1].

On October 21, 2024, the Defendants filed a partial Motion to Dismiss the Plaintiff's NCWHA and unjust enrichment claims. [Doc. 20]. On January 22, 2025, the Plaintiff filed a Response to the Defendants' Motion to Dismiss.[1] [Doc. 27]. On January 29, 2025, the Defendants filed a Reply to the Plaintiff's Response. [Doc. 32]. The Defendants' Motion to Dismiss is pending with the Magistrate Judge.

From the time the Plaintiff filed his Complaint to the time the Plaintiff moved for conditional certification of his collective action, the Plaintiff filed several Consent to Join Forms with the Court. [Docs. 25, 37, 39]. These

---

[1] The Court, by Text Order, allowed the Plaintiff additional time to file a response to the Defendants' Motion to Dismiss while the parties sought to mediate this matter. This mediation resulted in an impasse. [Doc. 33].

2

Consent to Join Forms show that five of the Defendants' current or former employees, including the Plaintiff's wife, have consented to join in the Plaintiff's collective action.  [Docs. 25, 37, 39].

On January 27, 2025, the Defendants filed a "Motion to Strike and Motion for Protective Order," asking the Court (1) to strike the consent forms filed before the Plaintiff moved for conditional certification of his collective action, and (2) for a protective order prohibiting the Plaintiff from soliciting employees to opt in the Plaintiff's collective action before the Plaintiff moved for conditional certification of his collective action.  [Doc. 28].[2]  On March 6, 2025, the Plaintiff filed a Response.  [Doc. 35].  On March 20, 2025, the Defendants filed a Reply to the Plaintiff's Response.  [Doc. 38].

On April 7, 2025, the Plaintiff filed an "Unopposed Motion to Conditionally Certify the Collective Action and Approve Stipulated Form of Notice of Collective Action."  [Doc. 40].  The Plaintiff moves for conditional certification of the following collective:

> All current and former servers and bartenders or other similar employees paid minimum wage minus a "tip credit" who have worked at any of the three Hillman Beer, LLC locations at any time from March 4, 2022 to the date of final judgment in this matter, who elect to opt in to this action (the "FLSA Collective").

---

[2] Two employees consented to join in the Plaintiff's collective action during the pendency of the Defendants' Motion to Strike.  [Docs. 37, 39].

[Doc. 40 at 3].  The Plaintiff also moves this Court to approve his proposed "E-Mail to Putative Class Members" [Doc. 40-1], as well as his "Notice of Lawsuit Seeking Alleged Unpaid Wages" and "Consent to Join Action" forms. [Doc. 40-2].  The Defendants stipulate to this collective while reserving the right to raise arguments regarding the statute of limitations, and further stipulate to the Plaintiff's proposed E-Mail and proposed Notice and Consent to Join forms.  [Doc. 40 at 4].  This matter is ripe for disposition.

## II.    DISCUSSION

### A.    The Defendants' Motion to Strike and Motion for Protective Order

The FLSA "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct."   Dearman v. Collegiate Housing Servs., No. 5:17-cv-00057-RJC-DCK, 2018 WL 1566333, at *2 (W.D.N.C. Mar. 30, 2018) (quoting Houston v. URS Corp., 591 F. Supp. 2d 827, 831 (E.D. Va. 2008)).   Section 216 of the FLSA provides that an employee subject to a violation of the FLSA may bring suit on behalf of himself and similarly situated employees.  29 U.S.C. § 216(b).  Specifically, § 216(b) states that:

> An action to recover the liability prescribed in the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other

4

employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id.

Pursuant to § 216(b), district courts have "managerial responsibility to oversee the joinder of additional parties" to a collective action "to assure that the task is accomplished in an efficient and proper way."  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).  As such, district courts may facilitate the manner in which a plaintiff's counsel may solicit potential opt-in plaintiffs to join in a collective action.  See Dearman, 2018 WL 1566333, at *2.  A district court's "managerial responsibility to oversee the joinder of additional parties" does not necessarily, however, prevent prospective opt-in plaintiffs from approaching counsel to opt in to a collective action on their own accord (i.e., without being solicited by counsel) before the court certifies the collective action.  See Kirkpatrick v. Cardinal Innovations Healthcare Sols., 1:16CV1088, 2017 WL 3841858, at *1-4 (M.D.N.C. Sept. 1, 2017) (Schroeder, J.) (denying a motion to strike "pre-certification opt-in forms" when opt-in plaintiffs approached the lead plaintiff's counsel before the court certified the collective action).

Here, the Defendants allege that the Plaintiff's counsel solicited the Defendants' current or former employees to consent to the collective action before the Court certified the Plaintiff's collective action. [Doc. 29 at 1-3]. As support for this allegation, the Defendants infer that merely because several of the Defendants' employees have consented to join in the Plaintiff's collective action, the Plaintiff's counsel must have "jumped the gun" and prematurely solicited the Defendants' employees. [Id.]. The Defendants do not, however, present any evidence that such premature solicitation occurred. Without any evidence that premature solicitation occurred, there is no legal basis for the Court to strike the consent forms filed by the Plaintiff. See Kirkpatrick, 2017 WL 3841858, at *4 ("[T]here is no evidence that [the plaintiff's] counsel solicited the opt-in forms in question, so striking them would be tantamount to holding that all pre-certification opt-in forms per se violate the FLSA. It would also require the court to hold that the proper remedy for such a violation is to strike unsolicited opt-in forms. There is no basis for either holding in the FLSA, the Federal Rules of Civil Procedure, or the case law."). Accordingly, the Court will deny the Defendants' Motion to Strike.[3]

---

[3] With the Plaintiff filing a motion to conditionally certify his collective action, the Defendants' Motion for a Protective Order is moot, and will be denied accordingly.

6

**B.    The Plaintiff's Motion to Conditionally Certify the Collective Action and Approve Notice**

Certification as a collective action under the FLSA requires: (1) that employees in the collective action be "similarly situated"; and (2) that all collective action members opt in to the action by filing written consents. Dearman, 2018 WL 1566333, at *2.   While the Fourth Circuit has not established a process to determine whether prospective members are "similarly situated" in the FLSA context, courts in this circuit generally follow a two-step approach.   See id. (collecting cases).   At the first step, when the record before the court is limited, the standard for determining whether putative members are similarly situated is "fairly lenient."   Id.   While "mere allegations will not suffice" and "some factual evidence is necessary," a plaintiff "generally need only make a relatively modest factual showing that [ ] a common policy, scheme, or plan [that violated the law] exists."   Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015) (alterations in original) (citations omitted).   Should the Court find this factual showing satisfied, it may conditionally certify the collective action and "authorize plaintiff['s] counsel to provide the putative" collective members "with notice of the lawsuit and their right to opt in."   Dearman, 2018 WL 1566333, at *2.

"After discovery is virtually complete, and if the defendant files a motion for decertification, the court proceeds to [step] two." Id. (citation omitted). At this second step, courts apply a heightened standard and perform a more fact-specific analysis to determine whether members are similarly situated. Id. Accordingly, the Court will proceed with the first step of the two-step analysis in the present case.

The Plaintiff seeks conditional certification of a collective action comprised of "[a]ll current and former servers and bartenders or other similar employees paid minimum wage minus a 'tip credit'" employed by the Defendants at any time on or after March 4, 2022. [Doc. 40 at 3]. The Defendants consent to an order conditionally certifying the Plaintiff's proposed collective action. [Id.]. Based on the present record, the Court concludes that, at this stage of the proceedings, the Plaintiff has made a sufficient showing that the prospective opt-in employees are "similarly situated" to the Plaintiff. See Dearman, 2018 WL 1566333, at *2. Therefore, the Court will conditionally certify the Plaintiff's collective action.

The Plaintiff also moves this Court to approve his proposed E-Mail [Doc. 40-1] and proposed Notice and Consent to Join forms [Doc. 40-2]. The Defendants consent to an order approving the content of such E-Mail and Notice and Consent to Join forms. [Doc. 40 at 4-5]. Upon review, the Court

8

concludes that the Plaintiff's proposed E-Mail and proposed Notice and Consent to Join forms are appropriate. See Hoffman-La Roche, 493 U.S. at 172 (a district court has discretion to authorize distribution of a notice it concludes is "timely, accurate, and informative").  As such, the Court will authorize distribution of the E-Mail and the forms.

The parties also stipulate to the timeline and manner in which the Plaintiff intends to provide notice to prospective members of the collective. [Doc. 40 at 3].  To facilitate the distribution of the Plaintiff's Notice and Consent to Join forms, the parties agree that, within fourteen days following the entry of this Order, the Defendants shall provide the Plaintiff an Excel spreadsheet or electronic data containing the "names, last known address, last known email address, dates of employment as a tipped worker, and restaurant location for all tipped workers" employed on or after March 4, 2022 ("Employee Information").  [Doc. 40 at 4].  The parties agree that the Plaintiff shall then have fourteen days to send a notice by either U.S. mail or by e-mail.  [Id.].  If Notice and Consent to Join forms are returned as undeliverable, the parties agree that the Plaintiff's "[c]ounsel will process the name through a Change of Address database and will re-send the [forms] to any new address identified through the database."  [Id.].  The Court concludes that

9

the parties' timelines and conditions are appropriate, and the Court shall order the parties to comply with such timelines and conditions.

Finally, the parties stipulate to a sixty-day opt-in period. [Doc. 40 at 4]. In other words, each employee who receives notice of the lawsuit will have sixty days to opt in to the Plaintiff's collective action. The Court concludes that this sixty-day period is appropriate. See Regan v. City of Charleston, No. 2:13-cv-3046-PMD, 2014 WL 3530135, at *10 (D.S.C. July 16, 2014) ("[D]istrict courts in the Fourth Circuit regularly authorize opt-in periods between thirty and sixty days."). Thus, the Court shall order the prospective members of the collective to comply with the sixty-day opt-in period unless the parties agree to permit late filings or for good cause shown.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Strike and Motion for Protective Order [Doc. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Unopposed Motion to Conditionally Certify the Collective Action [Doc. 40] is **GRANTED**, and the Stipulated Form of Notice of Collective Action [Docs. 40-1, 40-2] is **APPROVED**.

10

**IT IS FURTHER ORDERED** that the following procedures are set out for the facilitation of distribution of the notice:

(1)     Within fourteen (14) days of the entry of this Order, the Defendants shall produce to the Plaintiff the above-defined Employee Information in an Excel spreadsheet or electronic data.

(2)     The "E-Mail to Putative Class Members" [Doc. 40-1], as well as the "Notice of Lawsuit Seeking Alleged Unpaid Wages" and corresponding "Consent to Join Action" forms [Doc. 40-2] may be immediately issued to those individuals whose names are provided but must be mailed or e-mailed no later than fourteen (14) days following the production of the Employee Information.

(3)     Eligible members of the collective action shall be provided sixty (60) days after the deadline for mailing of the Notice to return a Consent to Join form opting in to this litigation, unless the Parties agree to permit late filings or good cause can be shown as to why the form was not returned prior to the deadline.

(4)     The Notice and Consent to Join forms shall be mailed by U.S. mail or sent by e-mail.

**IT IS SO ORDERED.**

Signed: April 28, 2025

Martin Reidinger
Chief United States District Judge