IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, and DAVID MAY<br><br>Defendants. | Civil Action No. 1:24-cv-00204-MR-WCM<br><br>**PLAINTIFF'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION AND BACKGROUND

Plaintiff Logan Venclauskas ("Plaintiff"), on behalf of himself and all similarly situated individuals, brings this case against Defendants Hillman Beer, LLC ("Hillman Beer"), Greig Hillman, Bradley Hillman, and David May (collectively "Defendants") to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA")).

Defendants own and operate an establishment known as Hillman Beer with multiple locations in North Carolina. *See* Compl. ¶¶ 2, 14. Plaintiff Logan Venclauskas worked for Defendants as a tipped employee serving food and drinks to Hillman Beer customers during the relevant time period. *Id.* ¶ 78. As detailed in his response to Defendants' Motion to Dismiss ("MTD"), Plaintiff alleges that Defendants routinely diverted tips to employees working in a non-tipped capacity and failed to provide tipped employees with notice of the tip credit policy. *Id.* ¶ 81, 83, 85, 88. In the context of the NCWHA, Plaintiff alleges Defendants failed to timely pay tips earned and improperly withheld tips and wages due on regular paydays. *Id.* ¶¶ 4, 81, 85, 88-

1

89, 128, 143. Plaintiff also asserts a claim for unjust enrichment alleging it would be wrong to allow Defendants to retain the benefit of Plaintiff's labor without providing the agreed-upon compensation in return. *Id.* ¶¶ 146-152. These claims are separate from and in addition to the FLSA claims.

On May 19, 2025, Magistrate Judge W. Carleton Metcalf issued a Report and Recommendation ("R&R") in response to Defendants' MTD that recommended the Court deny Defendants' MTD as to Plaintiff's State Wages Claim (Count IV) and unjust enrichment claim (Count V) "to the extent those claims seek compensation in the form of tips that are separate and apart from minimum wages that may be recovered under the FLSA" and dismiss Plaintiff's claim for failure to pay minimum wages in violation of N.C. Gen. Stat. § 95-25.3 (Count III). Plaintiff's objection is designed solely to clarify the R&R's recommendation and precisely define that Plaintiff is entitled to bring claims for Defendants' alleged violations of the timely payment of wages statute (N.C. Gen. Stat. § 95.25.6)[1] and an illegal withholding statute (N.C. Gen. Stat. § 95.25.8)[2] on behalf of the putative Rule 23 class. Both claims seek recovery for damages that are separate and apart from minimum wage and are thus not preempted by the FLSA.

## ARGUMENT

**I.    Legal Standard**

Rule 8(a)(2) merely requires a short and plain statement of the claim showing that the pleader is entitled to relief. Detailed factual allegations are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the Court must accept Plaintiff's well-pleaded allegations as true and liberally construe all reasonable inferences in Plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

---

[1] Hereinafter defined as the "Timely Payment of Wages Claim."
[2] Hereinafter defined as the "Illegal Withholding Claim."

When reviewing a magistrate judge's order regarding a dispositive motion, such as a motion to dismiss for failure to state a claim upon which relief can be granted, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007), *cert. denied*, 551 U.S. 1157, 127 S.Ct. 3032, 168 L.E.2d 749 (2007). After reviewing the entire record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions." *Roldan v. Bland Landscaping Co., Inc.*, No. 3:20-cv-00276-kdb-dsc, 2022 WL 287549, at *1 (W.D.N.C. Jan. 31, 2022) (citing 28 U.S.C. § 636(b)(1)).

As stated above, Plaintiff's objection here is designed solely to clarify that Plaintiff is entitled to bring his Timely Payment of Wages, Illegal Withholding, and Unjust Enrichment claims on behalf of the putative Rule 23 class.

**II.    The Timely Payment of Wages and Illegal Withholdings Claims are Separate Forms of Relief from the FLSA.**

Plaintiff's statutory claims arise from N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 which address Wage Payment and Withholding of Wages respectfully. The statutory scheme in N.C. Gen. Stat. § 95.25.6 and N.C. Gen. Stat. § 95.25.8 provide remedies separate and apart from the FLSA. First, N.C. Gen. Stat. § 95-25.6, otherwise known as the North Carolina "payday statute" "provides a means for employees to recover payment for all accrued wages and tips which are not paid on the employee's payday (with certain exceptions)." *Roldan*, 2022 WL 287549, at *3. Specifically, the statute states that "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday." N.C. Gen. Stat. § 95-25.6. The statute "provides a

3

mechanism for the recovery of wages *other than* unpaid *minimum wages*, which are specifically addressed under Section 95-25.3." *Hanson-Kelly v. Weight Watchers Intern., Inc.*, No. 1:10-cv-65, 2011 WL 2689352, at *2 (M.D.N.C. July 11, 2011). Violations of the payday statute entitle employees to recover all—*not just minimum*—unpaid wages. It includes a strong remedial provision, which allows for recovery of liquidated damages and statutory interest rates. *See* N.C. Gen. Stat. § 95-25.22(a)(1). Plaintiff intends to bring a claim on behalf of the putative Rule 23 class for Defendants failure to properly pay all wages due. Because this claim is separate from the FLSA, the Court should permit discovery to go forward on this precise issue.

Second, N.C. Gen. Stat. § 95-25.8(a)-(b) establishes an employer's requirements to withhold wages. The statute provides employers "two options of written authorization to deduct wages." *Whitehead v. Sparrow Enterprise, Inc.*, 605 S.E.2d 234, 238 (N.C. Ct. App. 2004). First, N.C. Gen. Stat. § 95-25.8(2)(a) allows for deductions "[w]hen the amount or rate of the proposed deduction is known and agreed upon in advice" meaning the employer "must have written authorization from the employee. *See id.* Second, "N.G. Gen. Stat. § 95-25.8(2)(b) refers to a blanket authorization, one made for an unknown amount of money." *Id.* Again, before any deductions may be made, the employee must receive notice of the amount to be deducted and be given an opportunity to withdraw authorization. *Id.* Put differently, N.C. Gen. Stat. § 95-25.8(a)-(b) imposes a mandatory obligation on employers to pay earned wages in full and only permits withholding of wages under narrow, well-defined exceptions. A statutory violation occurs when an employer fails to pay wages due or withholds compensation in a manner not authorized by the statute.

Plaintiff's claim under §§ 95.25.6 and 95-25.8 is distinct from any claim brought under the FLSA. The FLSA, 29 U.S.C. § 201 *et seq.*, provides a federal framework for ensuring minimum

wage and overtime compensation. While the FLSA addresses whether compensation is legally required under federal wage standards, § 95-25.8 addresses *how and when* agreed-upon compensation must be paid, regardless of whether that compensation is mandated by the FLSA. *See Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 820 (E.D.N.C. 2008) (allowing claim for alleged failure to pay wages, when due, for all hours worked at a regular rate to proceed because the claim was "separate and distinct from Plaintiffs' FLSA claims"); *Lima v. MH & WH, LLC*, No. 5:14-cv-896-FL, 2019 WL 2602142, at *15 (E.D.N.C. Mar. 8, 2019) (concluding that Plaintiffs NCWHA claim could proceed "to the extent it seeks unpaid, earned compensation apart from overtime pay").

Reading Plaintiff's Complaint in context, it explicitly alleges that Defendants failed to timely pay tips earned and wrongly withheld tips and asserts Plaintiff is entitled to seek unpaid earned compensation. *See* Compl. ¶¶ 4, 81, 88, 89, 143. While there may be some overlap with the FLSA allegations because ultimately the claims are based on the same underlying facts, at this point Plaintiff's complaint sufficiently states a claim for relief on the basis that Defendants wrongfully withheld wages earned by Defendants' employees. Whereas the FLSA is concerned with the payment of minimum wage,[3] claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 and a claim for unjust enrichment provide for additional relief to aggrieved employees. These allegations, accepted as true, state a claim at the Fed. R. Civ. P. 12(b)(6) stage because they notify Defendants that Plaintiff is seeking unpaid earned wages (separate and apart from minimum wage) on behalf of himself and the Class and "[t]hat is *all that is required* by the Rules and case law." *Zelaya v. J.M. Macias, Inc.*, 999 F.Supp. 778, 781 (E.D.N.C. 1998) (finding that Plaintiffs' invocation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.22 was enough to place "defendants on notice

---

[3] The FLSA is best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015).

5

that plaintiffs [were] seeking payment of earned wages which were not paid when they were due" (emphasis added)); *see also Torres-Tinajero v. Alpha Constr. Of the Tirad, Inc.*, No. 1:18-cv-160, 2020 WL 5411748, at *4 (M.D.N.C. Sept. 9, 2020) ("N.C. Gen. Stat. § 95-25.14 does not direct FLSA preemption as to Plaintiff's claim brought pursuant to N.C. Gen. Stat. § 95-25.6 for failing to pay promised wages when due on Plaintiff's regular payday."). Likewise, Plaintiff's claim for unjust enrichment should be allowed to proceed at this stage of litigation because the claim seeks recovery of wages outside of minimum wage or overtime payment. *See* Compl. ¶¶ 147-153.

Courts in the Fourth Circuit have recognized that claims under the NCWHA and the FLSA may proceed in parallel because the statutes address separate violations: the FLSA ensures minimum wage and overtime pay, while the NCWHA governs timely and full payment of agreed-upon wages, including bonuses, tips, and accrued benefits. See *Martinez-Hernandez*, 578 F. Supp. 2d at 820; *Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) (finding that although plaintiffs' claim for unpaid wages under N.C. Gen. Stat. § 95-25.6 was based on the same set of facts as the FLSA claim, Plaintiffs sufficiently stated a claim for unpaid wages separate and distinct from the FLSA claim). Consequently, recovery under both statutes is permissible and appropriate when the employer's conduct violates both federal and state law.

In sum, Plaintiff's Timely Payment and Illegal Withholding Claim are additional causes of action permitted under the NCWHA separate and apart from any minimum wage claim. By way of example, an employee may be paid in accordance with the NCWHA's minimum wage provision, but still have claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8. Plaintiff's claims, although based on the same or similar set of facts and allegations as the FLSA claims, seek different forms of recovery. Specifically, Plaintiff seeks unlawfully retained tips, unpaid wages

6

Case 1:24-cv-00204-MR-WCM    Document 43    Filed 06/02/25    Page 6 of 9

due under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8, and liquidated damages under N.C. Gen. Stat. § 95-25.22 based on Plaintiff's allegations that Defendants failed to pay wages due to employees on regular paydays, unlawfully retained tips, and unlawfully withheld a portion of employee wages. Plaintiff also sufficiently alleges that Defendants wrongfully retained tips earned by Plaintiff and failed to pay wages when due—resulting in Defendants receiving the benefit of Plaintiff's labor without providing the agreed-upon compensation in return. These allegations, based on Defendants' retention of the value of labor and earnings that Plaintiff alleges belong to him, supports a valid unjust-enrichment claim.

Thus, the Court should not adopt the R&R to the extent the R&R attempts to limit Plaintiff's possible relief under the Timely Payment claim, Illegal Holding claim, and Unjust Enrichment claim to only "compensation in the form of tips that are separate and apart from minimum wages that may be recovered under the FLSA." *See e.g.*, *In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage Litig.*, 517 F.Supp.3d 484, 512 (W.D.N.C. 2021) (holding that state law is the "proper vehicle" to pursue a claim for *all unpaid wages* earned when the employee has been paid minimum wage).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court decline to adopt the portion of the Magistrate Judge's R&R narrowing Plaintiff's potential recovery of damages with respect to Counts IV and V.

Dated: June 2, 2025

Respectfully submitted,

By: */s/ Philip J. Krzeski*
Philip J. Krzeski
**CHESTNUT CAMBRONNE, PA**
100 Washington Avenue S, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339- 7300
*pkrzeski@chestnutcambronne.com*

Scott C. Harris, NC Bar ID No. 35328
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27602
Telephone: (919) 600-5003
*sharris@milberg.com*

Joseph M. Lyon*
Kevin M. Cox*
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone (513) 381-2333
*jlyon@thelyonfirm.com*
*kcox@thelyonfirm.com*

* *Pro Hac Vice* forthcoming

***Counsel for Plaintiff and the Putative Class***

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

I, Philip J. Krzeski, certify the following: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, Fastcase, and Bloomberg and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ *Philip J. Krzeski*
Philip J. Krzeski