IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, and DAVID MAY <br><br> Defendants. | Civil Action No. 1:24-cv-00204-MR-WCM <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S PARTIAL OBJECTION TO MEMORANDUM AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff Logan Venclauskas ("Plaintiff"), on behalf of himself and all similarly situated individuals, brings this case against Defendants Hillman Beer, LLC ("Hillman Beer"), Greig Hillman, Bradley Hillman, and David May, (collectively "Defendants") to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA")). Plaintiff's state law claims under N.C. Gen. Stat. §§ 95-25.6 (the "Timely Payment of Wages Claim") and 95-25.8 (the "Illegal Withholding Claim"), as the Magistrate Judge recognized in its Report and Recommendation ("R&R"), are separate and distinct from Plaintiff's FLSA claims and should be allowed to proceed. Plaintiff submitted a partial objection to the R&R solely for the purposes of clarifying the remedies Plaintiff is entitled to seek under the NCWHA.

Defendants, in their response to Plaintiff's partial objection, attempt to assert the same arguments that were before this Court on Defendants' Motion to Dismiss and considered by the Magistrate Judge and otherwise argue that Plaintiff's partial objection asserted new arguments and

1

theories. However, Defendants' arguments mischaracterize both the statutory scheme of the NCWHA and the substance of Plaintiff's Complaint and partial objection. Further, Defendants' contention that Plaintiff's objection raises "new theories" is inaccurate. Plaintiff's position is consistent with the legal theories pled in the Complaint and outlined in prior briefs and merely emphasizes that the statutory violations alleged encompass relief other than unpaid minimum wages.

For the reasons set forth below, the Court should adopt the Magistrate's R&R to the extent the R&R recommends that Plaintiff's state law claims be allowed to proceed and decline to adopt the portion of the R&R that narrows potential recovery with respect to the Timely Payment of Wages Claim and Illegal Withholding Claim.

## ARGUMENT

I. **Plaintiff's State Law Claims Seek Remedies Independent of the FLSA**

The core of Defendants' preemption argument is that Plaintiff's state law claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 are indistinguishable from his minimum wage claim under the FLSA and thus he is not entitled to relief under the NCWHA. This is incorrect. Plaintiff's claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 are separate causes of action created by the NCWHA, and each provide an independent basis for relief that is not dependent on whether minimum wages were paid under federal law.

First, section 95.25.6 requires employers to pay *all wages and tips* owed to an employee on the regular payday. A claim under this section may arise even where the employee has been paid the federal minimum wage, if other earned compensation—such as tips—was improperly delayed or not paid. *See Roldan v. Bland Landscaping Co., Inc.*, No. 3:20-cv-00276-kdb-dsc, 2022 WL 287549, at *3 (W.D.N.C. Jan. 31, 2022) (stating that N.C. Gen. Stat. § 95-25.6 "provides a

2

means for employees to recover payment for all accrued wages and tips which are not paid on the employee's payday (with certain exceptions)").

Second, section 95-25.8 prohibits employers from withholding earned wages—including tips—without written authorization. Violations of this section also do not require a showing of sub-minimum wage payment and instead turn on whether tips or other compensation were diverted without written consent. A statutory violation occurs when an employer fails to pay wages due or withholds compensation in a manner not authorized by the statute. Simply put, both statutes provide remedies for wage-related misconduct that do not hinge on FLSA coverage and are not preempted by it. The FLSA establishes a *floor* for minimum wage compliance—it does not occupy the field and permit employers to delay, withhold, or otherwise divert earned wages or tips without consequence under state law.

II.  **Plaintiff's State Law Claims and Unjust Enrichment Claim Should be Allowed to Proceed Because They Seek Relief Separate and Apart from the FLSA Claims**

Defendants argue that Plaintiff's state law claims should not proceed because they are not separate and distinct from the FLSA claims. In doing so, Defendants rely on *DeHoll*, a case involving a claim under N.C. Gen. Stat. § 95-25.6 for failure to pay overtime wages and FLSA claims. No. 1:18-CV-280, 2018 WL 5624150 (M.D. N.C. Oct. 30, 2018). In *DeHoll*, the Court found that the plaintiff did not allege *any* "unpaid 'off-the-clock' hours [] separate and distinct from his other unpaid overtime hours" but instead the allegations were the same as the FLSA claims. *Id.* at * 5. Defendants argue this case is analogous to *DeHoll* in that Plaintiff fails to plead his claims with specificity because "[n]othing in the Complaint suggests that Defendants failed to pay Plaintiffs and the putative collective and Rule 23 class 'earned compensation,' 'earned wages,' or any other 'wages' when they became due." Defendants' blanket assertions are an attempt to narrow the types of relief offered under the NCWHA as detailed above and minimize Plaintiff's

3

allegations by claiming the Complaint contains only conclusory references to N.C. Gen. Stat. §§ 95-25.6 and 95-25.8. This is not so.

As the Magistrate Judge correctly found, Plaintiff's claims under §§ 95.25.6 and 95-25.8 are separate and distinct from any claim brought under the FLSA and should be allowed to proceed. The FLSA, 29 U.S.C. § 201 *et seq.*, provides a federal framework for ensuring minimum wage and overtime compensation but it does not address *how and when* agreed-upon compensation must be paid. Reading Plaintiff's Complaint in full, Plaintiff clearly alleges that Defendants failed to timely pay wages earned and wrongly withheld tips without consent and thus Plaintiff is entitled to seek unpaid earned compensation:

- Plaintiff Logan Venclauskas ("Plaintiff"), on behalf of himself and all similarly situated individuals, brings this action to recover unpaid wages under the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (N.C. Gen. Stat. § 95-25.1, *et seq.* (NCWHA)) stemming from Defendants' tip theft *and* failure to pay minimum wage. Compl. ¶ 78 (ECF No. 1) (emphasis added).

- Plaintiff and the similarly situated employees they seek to represent work or worked for Defendants in tipped positions. *Id.* ¶ 78.

- During some or all of the relevant time period, Defendants forced Plaintiff and similarly situated employees to share tips with other employees, such as managers, who are not eligible to share in a tip pool. *Id.* ¶ 81

- During some or all of the relevant time period, Defendants failed to give Plaintiff and similarly situated employees notice of the tip credit policy. *Id.* ¶ 83

- Defendants did not notify Plaintiff of the requirements for taking a tip credit under the FLSA and the NCWHA. *Id.* ¶ 85.

- Defendants routinely retained tips earned by Plaintiff and/or diverted tips earned by Plaintiff to employees working in non-tipped capacities. *Id.* ¶ 88.

- By withholding and/or diverting tips and failing to provide notice of the tip credit under the FLSA and the NCWHA, Defendant forfeited the right to pay Plaintiff a tipped minimum wage and now owes him the difference between the tipped wage rate paid and full minimum for every hour worked. *Id.* ¶ 89.

- N.C. Gen. Stat. § 95-25.6 requires that Defendants pay Plaintiff and the Rule 23 Class all wages and tips at least once each month on regular paydays established by Defendant. *Id.* ¶ 141.

- During all or part of the relevant time period, Defendant failed to properly distribute tip income to Plaintiff and the Rule 23 Class in violation of N.C. Gen. Stat. § 95-25.8. *Id.* ¶ 143.

- As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to unpaid wages, including liquidated damages, interest, and attorneys' fees. *Id.* ¶ 144.

- For example, Defendants unlawfully retained the tipped employees' tips for their own purposes from all times relevant to the present. *Id.* 147.

- Defendants retained tips intended for Plaintiff and the Rule 23 Class. *Id.* ¶ 148.

- Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits. *Id.* ¶151.

Contrary to Defendants' assertion, the Complaint provides a sufficient factual foundation for the claims at this early pleading stage. Plaintiff is not required to plead detailed pay records or documentary proof at this juncture—only enough factual content to make his entitlement to relief plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While there may be some overlap with Plaintiff's FLSA allegations because, as Plaintiffs acknowledge, the Claims are ultimately based on the same underlying facts, at this point, Plaintiff's Complaint sufficiently states a claim for relief on the basis that Defendants wrongfully withheld wages earned by Defendants' employees and failed to notify employees of the tip credit policy. *See Barton v. Pantry, Inc.*, No. 1:04-cv-748, 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) (finding that although plaintiffs' claim for unpaid wages under N.C. Gen. Stat. § 95-25.6 was based on the same set of facts as the FLSA claim, plaintiffs sufficiently stated a claim for unpaid wages separate and distinct from the FLSA claim). Whereas the FLSA is concerned with the payment of minimum wage, claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 and a claim for unjust enrichment provide for additional relief

to aggrieved employees including payment of wages earned separate and apart from minimum wage.

Defendants also assert that Plaintiff's claim for unjust enrichment should be dismissed for the same reasons as to why the state law claims should be dismissed. In doing so, Defendants, as they did in their Motion to Dismiss, rely on *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007), to argue that state law claims based on the same allegations as FLSA claims are preempted by the FLSA. Defendants again mischaracterize Plaintiff's Complaint, misconstrue the underlying alleged facts, and otherwise fail to recognize the significant difference in state law claim remedies compared to FLSA remedies.

Here, Plaintiff does not seek a parallel recovery for unpaid minimum wage under state law, but rather distinct **statutory violations** under North Carolina's wage payment and withholding provisions. North Carolina courts have consistently recognized that the NCWHA "provides a mechanism for the recovery of wages other than unpaid minimum wages." *Hanson-Kelly v. Weight Watchers Int'l, Inc.*, No. 1:10-CV-65, 2011 WL 2689352, at *2 (M.D.N.C. July 11, 2011); *see also In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage Litig.*, 517 F.Supp.3d 484, 512 (W.D.N.C. 2021) (holding that state law is the "proper vehicle" to pursue a claim for unpaid wages earned when the employee has been paid at least minimum wage).

In sum, Plaintiff's Timely Payment of Wages Claim under N.C. Gen. Stat. § 95-25.6, Illegal Withholding Claim under N.C. Gen. Stat. § 95-25.8, and Unjust Enrichment Claim are actionable under state law and are not preempted by the FLSA. Because these claims are properly pleaded and address conduct and damages that are distinct from the federal minimum wage violation, they are also properly suited to be pursued on behalf of a Rule 23 class.

## **CONCLUSION**

Defendants' arguments rely on an overly restrictive reading of the NCWHA and an unfounded assertion of federal preemption. Plaintiff's state law claims under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8 are separate and distinct from the FLSA claims and independently actionable. The Complaint alleges that Defendants unlawfully failed to pay wages due on the regular payday and unlawfully retained tips without consent and seeks recovery on behalf of the putative Rule 23 Class. For these reasons, Plaintiff respectfully requests the Court adopt, in part, the Magistrate Judge's R&R to allow the state claims to proceed but not adopt the R&R to the extent the R&R attempts to limit Plaintiff's possible relief under the Timely Payment claim, Illegal Holding claim, and Unjust Enrichment claim to only "compensation in the form of tips that are separate and apart from minimum wages that may be recovered under the FLSA."

Dated: June 7, 2025

Respectfully submitted,

By: */s/ Philip J. Krzeski*
Philip J. Krzeski
**CHESTNUT CAMBRONNE, PA**
100 Washington Avenue S, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339- 7300
*pkrzeski@chestnutcambronne.com*

Scott C. Harris, NC Bar ID No. 35328
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27602
Telephone: (919) 600-5003
*sharris@milberg.com*

Joseph M. Lyon*
Kevin M. Cox*
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone (513) 381-2333
*jlyon@thelyonfirm.com*
*kcox@thelyonfirm.com*

\* *Pro Hac Vice* forthcoming

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

I, Philip J. Krzeski, certify the following: (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, Fastcase, and Bloomberg and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ Philip J. Krzeski
Philip J. Krzeski