THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-cv-00204-MR-WCM

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>HILLMAN BEER, LLC; GREIG HILLMAN; BRADLEY HILLMAN; and DAVID MAY,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on the Defendants' Partial Motion to Dismiss Complaint [Doc. 20]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of the Defendants' Partial Motion to Dismiss Complaint [Doc. 42]; and the Plaintiff's Partial Objection to the Memorandum and Recommendation [Doc. 43].

Pursuant to 28 U.S.C. § 636(b), the Court designated the Honorable W. Carleton Metcalf, United States Magistrate Judge, to consider the Defendants' Partial Motion to Dismiss Complaint and to submit a

recommendation regarding its disposition.  On May 19, 2025, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Court grant the Defendants' Motion in part and deny the Defendants' Motion in part.  [Doc. 42 at 9–10].  On June 2, 2025, the Plaintiff filed a Partial Objection to the Memorandum and Recommendation, which according to the Plaintiff, "is designed solely to clarify" and to "precisely define" the extent to which he can proceed with his state law claims.  [Doc. 43 at 2; see also Doc. 50 at 1 ("Plaintiff submitted a partial objection to the R&R [sic] solely for the purposes of clarifying the remedies Plaintiff is entitled to seek under the NCWHA.")].  On June 23, 2025, the Defendants filed a Response to the Plaintiff's Partial Objection [Doc. 45],[1] and on July 7, 2025, the Plaintiff filed a Reply [Doc. 50].  This matter is now ripe for review.

After careful review of the Magistrate Judge's Memorandum and Recommendation, the Court concludes that it is consistent with current law.

---

[1]In their Response to the Plaintiff's Partial Objection, the Defendants ask the Court to modify the Memorandum and Recommendation such that the Plaintiff's fourth and fifth claims are completely dismissed.  [Doc. 45 at 13].  The Defendants, however, have not filed a separate motion objecting to the Memorandum and Recommendation.  See LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs.  Each motion must be set forth as a separately filed pleading.").  Moreover, even if the Court construed the Defendants' Response as a separate motion objecting to the Memorandum and Recommendation, it was not timely filed.  See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").  Nonetheless, the Court has considered the Defendants' arguments insofar as they relate to the Plaintiff's Partial Objection, which was timely filed.

Accordingly, the Court accepts the Magistrate Judge's recommendation to grant the Defendants' Motion in part and to deny the Defendants' Motion in part. As stated in the Memorandum and Recommendation, "Count IV" and "Count V" may proceed to the extent that those counts seek "compensation in the form of tips that are separate and apart from minimum wages that may be recovered under the FLSA." [Doc. 42 at 8–9].

Regarding the Plaintiff's partial objection, the Court concludes that Count IV and Count V may proceed to the extent that the Plaintiff seeks unpaid tips in excess of the minimum wage mandated by the Fair Labor Standards Act (the "FLSA"). See Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 448 (4th Cir. 2015) ("The FLSA 'requires payment of minimum wages and overtime wages only,' and 'is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.'" (quoting Nakahata v. N.Y.–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013))); see also Guerra v. Guadalajara, IV, No. 3:16CV00020, 2016 WL 3766444, at *3 (W.D. Va. July 7, 2016) (stating that a "state law claim, in which [the plaintiffs] seek to recover tips retained by the defendant in excess of the minimum wage requirements, is 'not preempted' by the FLSA"). Count IV and Count V are preempted, however, to the extent that the Plaintiff seeks unpaid tips that are mandated by the FLSA. See

3

Case 1:24-cv-00204-MR-WCM     Document 52     Filed 07/23/25     Page 3 of 4

Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) (holding "that Congress prescribed exclusive remedies in the FLSA for violations of its mandates"). Thus, the FLSA may provide a remedy for unpaid tips up to the minimum wage, and state law may provide a remedy for unpaid tips in excess of the minimum wage. Accordingly, the Plaintiff may rely on Counts I and II to pursue unpaid tips up to the minimum wage, and the Plaintiff may rely on Counts IV and V to pursue unpaid tips in excess of the minimum wage.[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 42] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Partial Motion to Dismiss Complaint [Doc. 20] is **GRANTED IN PART** and **DENIED IN PART**, and Count III of the Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**    Signed: July 23, 2025

*[signature]*
Martin Reidinger
Chief United States District Judge

---

[2] As noted in the Memorandum and Recommendation and accepted by the Court, the Plaintiff has withdrawn "Count III." [Doc. 42 at 4; Doc. 27 at 2 n.1].