IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:24-cv-00204

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> HILLMAN BEER, LLC, GREIG HILLMAN, BRADLEY HILLMAN, AND DAVID MAY <br><br> Defendants. | **DEFENDANTS' ANSWER** |

Defendant Hillman Beer, LLC ("Hillman Beer"), Defendant Greig Hillman, Defendant Bradley Hillman , and Defendant David May ("Mr. May") (collectively, "Defendants"), by and through the undersigned attorneys, hereby submit their answer to Plaintiff's Class and Collective Action Complaint for Unpaid Wages (the "Complaint") as follows:

**FIRST DEFENSE**
**(Response to Plaintiff's Allegations)**

Defendants respond to the consecutively numbered paragraphs of the Complaint, in the order in which they are therein set forth, as follows:

1. Admitted that Plaintiff's Complaint purports to assert claims for relief under the Fair Labor Standards Act and North Carolina Wage and Hour Act. Otherwise denied.

2. Admitted that Bradley Hillman and Greig Hillman own membership interests in Hillman Beer, LLC, which operates an establishment known as Hillman Brewing in or around Asheville, North Carolina. Otherwise denied.

3. Admitted that Hillman Beer, LLC has adopted various employment policies that apply to all employees of Hillman Beer. Otherwise denied.

4. Denied.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5, which are therefore denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6, which are therefore denied.

## JURISDICTION AND VENUE

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7, which are therefore denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8, which are therefore denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 9, which are therefore denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 10, which are therefore denied.

## **PARTIES**

**Plaintiff Logan Venclauskas**

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 11, which are therefore denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12, which are therefore denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 13, which are therefore denied.

**Defendant Hillman Beer, LLC**

14. Admitted.

15. Admitted.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16, which are therefore denied.

17. Admitted that Hillman Beer has direct control over the terms and conditions of Plaintiff and similarly situated employees' work. Otherwise denied.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted that Hillman Beer was founded by Bradley Hillman and Greig Hillman. Admitted that Bradley Hillman and Greig Hillman have an ownership interest in Hillman Beer. Admitted that Hillman Beer is operated by Bradley Hillman and Greig Hillman. Otherwise denied.

22. Admitted.

23. Admitted that Hillman Beer has control over Plaintiff and similarly situated employees' working conditions. Otherwise denied.

24. Admitted that Hillman Beer maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and deductions. Otherwise denied.

25. Denied.

26. Admitted.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 27, which are therefore denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 28, which are therefore denied.

**Defendant Bradley Hillman**

29. Denied.

30. Denied.

31. Admitted that Bradley Hillman owns a membership interest in the entity Hillman Beer, LLC that operates a brewery and food establishment. Otherwise denied.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 32, which are therefore denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 33, which are therefore denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 39, which are therefore denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 40, which are therefore denied.

41. Denied.

42. Denied.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 43, which are therefore denied.

44. Denied.

**Defendant Greig Hillman**

45. Admitted.

46. Admitted.

47. Admitted that Greig Hillman owns a membership interest in Hillman Beer, LLC which operates a brewery and food establishment known as Hillman Beer. Otherwise denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48, which are therefore denied.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 49, which are therefore denied.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50, which are therefore denied.

51. Admitted that Greig Hillman has had a role in some aspects of Hillman Beer's operations. Otherwise denied.

52. Admitted that Greig Hillman had some control over Hillman Beer's pay policies. Otherwise denied

53. Admitted that Greig Hillman, as Vice President of Hillman Beer, had control over personnel and payroll decisions at Hillman Beer, including but not limited to Plaintiff's and other employees' rate of pay. Otherwise denied.

54. Admitted that Greig Hillman, as Vice President of Hillman Beer, had the authority to hire, fire, and discipline employees, including Plaintiff and other employees. Otherwise denied.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 55, which are therefore denied.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 56, which are therefore denied.

57. Admitted that Greig Hillman, as Vice President of Hillman Beer, had the authority to enter contracts on behalf of Hillman Beer. Otherwise denied.

58. Denied.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 59, which are therefore denied.

60. Admitted.

**Defendant David May**

61. Denied.

62. Denied.

63. Denied.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 64, which are therefore denied.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 65, which are therefore denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## FACTS

### CLASS-WIDE FACTUAL ALLEGATIONS

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 77, which are therefore denied.

78. Admitted, upon information and belief.

79. Denied.

80. Denied.

81. Denied.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 82, which are therefore denied.

83. Denied.

**Plaintiff Logan Venclauskas's Experiences.**

84. Admitted that during some of Plaintiff's employment with Hillman Beer he was paid an hourly wage of $2.15 per hour plus tips. Otherwise denied.

85. Denied.

86. Admitted.

87. Admitted.

88. Denied.

89. Denied.

90. Admitted.

### COLLECTIVE ACTION ALLEGATIONS

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 91, which are therefore denied.

92. Denied.

93. Denied.

94. Admitted.

95. Admitted

96. Admitted that Defendants are aware or should have been aware that, in order to take a tip credit from the wage of Plaintiff and the FLSA Collective, the federal law required them to inform Plaintiff and the FLSA Collective of the tip

credit provisions of the FLSA, and prohibited them from requiring Plaintiff and the FLSA Collective to share tips with ineligible employees or the restaurant. Otherwise denied.

97. Denied.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 98, which are therefore denied.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 99, which are therefore denied.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 100, which are therefore denied.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 101, which are therefore denied.

**CLASS ACTION ALLEGATIONS**

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 102, which are therefore denied.

103. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 103, which are therefore denied.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 104, which are therefore denied.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 105, which are therefore denied.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 106, which are therefore denied.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 107, which are therefore denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 112, which are therefore denied.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 113, which are therefore denied.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 114, which are therefore denied.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 115, which are therefore denied.

116. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 116, including all subparts, which are therefore denied.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 117, which are therefore denied.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE-TIP THEFT
### (FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m)(2)(B), *et seq.*)
### (On Behalf of Plaintiff and the FLSA Collective)

118. Defendants incorporate by reference their responses to the foregoing allegations.

119. Admitted.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE – TIP CREDIT NOTICE
## (FAIR LABOR STANDARDS ACT 29 U.S.C. § 203(m), *et seq.*)
## (On Behalf of Plaintiff and the FLSA Collective)

126. Defendants incorporate by reference their responses to the foregoing allegations.

127. Admitted.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## COUNT III[1]
## FAILURE TO PAY MINIMUM WAGES
## (N.C. Gen. Stat. § 95-25.3)
## (On Behalf of Plaintiff and the Rule 23 Class)

---

[1] Defendants respond to the allegations of Count III for purposes of completeness, but note that Count III was dismissed by the Court.

133. Defendants incorporate by reference their responses to the foregoing allegations. Defendants further deny all allegations based on the dismissal of this Count.

134. Admitted.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

## COUNT IV
## FAILURE TO PAY WAGES DUE
## (N.C. Gen. Stat. § 95-25.6, .8, and .22)
## (On Behalf of Plaintiff and the Rule 23 Class)

139. Defendants incorporate by reference their responses to the foregoing allegations.

140. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 140, which are therefore denied.

141. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 141, which are therefore denied.

142. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 142, which are therefore denied.

143. Denied.

144. Denied.

## COUNT V
## UNJUST ENRICHMENT
## (On Behalf of Plaintiff and the Rule 23 Class)

145. Defendants incorporate by reference their responses to the foregoing allegations.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## SECOND DEFENSE
## (Statute of Limitations)

Plaintiff's and the purported collective and class action claims are barred in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE
## (Preemption)

Plaintiff's and members of the purported collective and class action's claims are barred by the doctrine of preemption.

## FOURTH DEFENSE

## (Good Faith)

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and North Carolina Wage and Hour Act.

## FIFTH DEFENSE

Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## SIXTH DEFENSE

Defendants did not know that or show reckless disregard for whether their conduct was prohibited by the FLSA.

## SEVENTH DEFENSE

Plaintiff and members of the purported collective and class action are not entitled to liquidated damages, as Defendants did not act or fail to act in a manner sufficient to give rise to punitive damages.

## EIGHTH DEFENSE

Defendants complied with all record-keeping requirements of the FLSA and North Carolina Wage and Hour Act.

## NINTH DEFENSE

Plaintiff and members of the purported collective and class action are not similarly situated. The claims of the purported class members reflect variability.

## TENTH DEFENSE

Plaintiff and members of the purported collective and class actions have failed to mitigate their damages.

## ELEVENTH DEFENSE

Plaintiff's claims and the claims of the purported collective and class action are barred by the doctrines of waiver, estoppel, and/or laches.

## TWELFTH DEFENSE

Some or all of the claims of Plaintiff and members of the purported collective or class action are barred by accord and satisfaction, settlement, and/or payment and release.

## THIRTEENTH DEFENSE

Defendants reserve and do not waive the right to assert further defenses as they become evident through discovery.

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS pray that the Court provide the following relief:

1. All claims against Defendants be dismissed with prejudice;

2. Defendants have such other and further relief as the Court deems just, including the recovery of their reasonable attorneys' fees and costs in defending against this action.

Respectfully submitted this the 6th day of August, 2025.

*/s/ Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: docket@wardandsmith.com *
email: hrw@wardandsmith.com**

                X. Lightfoot
                N.C. State Bar I.D. No.:   54900
                email: xlightfoot@wardandsmith.com
                For the firm of
                Ward and Smith, P.A.
                Post Office Box 2020
                Asheville, NC  28802-2020
                Telephone:  828.348.6070
                Facsimile:  828.348.6077
                Attorneys for Defendants

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4916-7249-6729, v. 2