# EXHIBIT "A"

# Proposed Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:24-cv-00204

| | |
|---|---|
| LOGAN VENCLAUSKAS, on behalf of himself and all similarly situated individuals )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HILLMAN BEER, LLC, GREIG )<br>HILLMAN, BRADLEY HILLMAN, )<br>AND DAVID MAY )<br>)<br>Defendants. ) | **PROTECTIVE ORDER** |

To facilitate the production and receipt of information during discovery in this lawsuit, the parties have requested and consented, through their respective counsel, to the entry of this Consent Protective Order ("Protective Order") for the protection of confidential, proprietary business, and other commercial information (collectively referred to as "Confidential Information") that may be produced or otherwise disclosed during the course of this lawsuit.

Therefore, it appears to the Court that there is good cause to enter an order to protect confidential and proprietary information during discovery and trial, and pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, it is hereby **ORDERED** as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

2. After carefully reviewing materials to segregate non-confidential from Confidential Information, a party (or a third-party producing documents or providing deposition testimony) may designate any deposition testimony, information, materials, or documents produced or furnished by that person through discovery or otherwise during the course of this litigation as "CONFIDENTIAL."

    (a) The designation of any material as CONFIDENTIAL shall constitute a representation by the party and its counsel that they have a reasonable and good faith belief that:

        (i) the material so designated contains or constitutes at the time of the designation: (1) trade secrets or other information of a non-public nature considered by the producing party or person to be commercially or personally sensitive, confidential and/or proprietary; or (2) other sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed sensitive and private by a non-party; and

        (ii) the entry of a protective order is necessary to protect the producing party from disclosure to anyone other than those persons identified in Paragraph 5 below to avoid unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c).

Any designations made pursuant to this paragraph are to be reasonably limited both in subject matter and in time.

3. Any document or portion of a transcript, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain CONFIDENTIAL information as defined in paragraph 2 above shall be so designated by such party by stamping the legend CONFIDENTIAL on each page of such document or by otherwise conspicuously indicating the appropriate designation on such physical object before production. In lieu of marking the appropriate notation on the originals of documents, the party may mark the copies that are produced. All Confidential Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information and providing the appropriate designation.

4. Any Confidential Information designated as CONFIDENTIAL shall not be publicly disclosed, discussed, or disseminated directly or indirectly by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained through subpoena or document demand in another proceeding before a court of competent jurisdiction, or by summons or subpoena from

4

any federal or state governmental agency or body. Except as expressly permitted herein or by further order of this Court, all Confidential Information shall be maintained and kept by the other parties in this case in a manner consistent both with maintaining the confidentiality of the information and the intent of this Order. Confidential Information shall not be given, shown, disclosed, disseminated, or described, directly or indirectly, to any person(s) other than those set forth in paragraph 5 hereof.

5. The following persons shall be the only persons permitted to have access to information designated as CONFIDENTIAL, and such access shall be permitted subject to the limitations set forth below:

(a) Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers' staff to whom materials must be disclosed for purposes of this litigation, including secretaries, paralegals, document clerks, and office staff;

(b) Each named party, and any current or former director, officer, employee or agent of a named party who is requested by that party or any of its attorneys to work on or potentially testify at deposition or trial in this action or who requires the information to assist in or evaluate this action, provided they are advised of and bound by the provisions of this Protective Order;

(c) Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent

5

necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

(d) Any non-party witness in this litigation, and his or her counsel, may be provided with a copy of any document(s) produced by others and designated as CONFIDENTIAL for their review only if necessary in preparation for or during their deposition or in preparation for their testimony at trial or a hearing in this litigation (provided that neither the witness nor his or her counsel may take notes concerning the substance of the document(s) and that upon completion of the review, the document(s) shall be returned to counsel for the supplying party);

(e) The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

(f) The individual taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(g) Mediators and their staff enlisted by all parties to assist in the resolution of this matter;

(h) Outside commercial copying services; and

(i) The Court and its personnel.

6. All persons receiving any Confidential Information under paragraphs 5(c) or 5(d) above shall be required to sign an Acknowledgment, before such Confidential Information is made available to such persons, that reflects their commitment to preserve the confidentiality of all information so designated and their

agreement to be bound by this Order and its terms, which Acknowledgment shall be on the form annexed hereto. Counsel for each party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information pursuant to paragraphs 5(c) or 5(d).

7. A party may designate those portions of the transcript of a deposition that refer to matters deemed Confidential Information pursuant to paragraph 2 above by indicating on the record at the deposition that the testimony contains or reflects such Confidential Information and by providing the appropriate designation. A party may also designate portions of the transcript of a deposition as Confidential Information by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are confidential and by providing the appropriate designation. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in his or her possession, custody, or control. In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as CONFIDENTIAL for a period of 30 days after a full and complete transcription of such deposition is available.

8. Any party may introduce any Confidential Information into evidence in connection with any proceeding in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court, subject to the condition that the party introducing any such information designated CONFIDENTIAL shall

7

conform to the Local Civil Rules, and the Administrative Procedures Governing Filing And Service By Electronic Means Manual, of the United States District Court for the Western District of North Carolina, including the rules, policies, and procedures regarding the provisional filing under seal of confidentially designated materials, or any other order entered by this Court regarding the filing of materials under seal.

      9. This Order is further entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Any inadvertent or unintentional disclosure by the supplying party (the "Disclosing Party") of information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege and/or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

      (a) The Disclosing Party must, within a reasonable period of time after learning of the disclosure of Protected Information, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 9(b)—promptly: (i) notify the Disclosing Party that it will identify and return, sequester or destroy (or in the case of electronically stored information, permanently

delete) the Protected Information and any reasonably accessible copies it has and retrieve the Protected Information in the hands or under the control of third parties), and (ii) provide a certification that it will cease further review, dissemination, or use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

(b) If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within ten (10) business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. The Parties shall cooperate to meet and confer in accordance with the Local Rules before expiration of the ten (10) day period set out in this paragraph.

(c) The parties may stipulate to extend the time periods set forth in paragraph 9 (a) and (b).

(d) Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the Disclosing Party that such materials have been produced.

(e) The Disclosing Party retains the burden—upon challenge pursuant to paragraph 9(b)—of establishing the privileged or protected nature of the Protected Information.

(f) Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

(g) Except as specifically stated herein, this Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

(h) The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

10. If a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party may thereafter stamp or otherwise designate the document or other information as Confidential Information, provided that the party gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall

diligently attempt to retrieve all copies of the documents or information distributed to persons other than those persons identified in paragraph 5 above, and thereafter such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other party.

11. Any court reporter, transcriber, or videographer who reports, transcribes, or records testimony in this action at a deposition shall be informed by counsel, through a statement on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes, videotape or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber, or videographer or shall be delivered to the undersigned attorneys.

12. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with the designation of Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation applied to

such Confidential Information shall have the burden of applying to the Court for an order deeming the information not to be Confidential Information as defined in paragraph 2 above and to remove or change the designation applied to such materials or information. Such an application must be made within 10 days of written notice from the challenging party that the parties have reached an impasse regarding the designation of the document(s) in question. Any information designated as CONFIDENTIAL shall remain subject to the terms of this Order during the resolution of any dispute pursuant to this paragraph.

13. Nothing shall prevent disclosures beyond the terms of this Protective Order: (a) by the party that designated the information as Confidential Information, (b) if the party that designated the information as Confidential Information consents to such disclosure, or (c) if the Court, after notice to all affected parties, enters an order permitting such disclosure.

14. This Protective Order shall not be construed to prevent any person, including those persons identified in paragraph 5 above, from making use of documents or information (a) lawfully in his or her possession before receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) available in any published material available to the general public, without fault of the disclosing party, (c) obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, (d) obtained lawfully and independently of any proceedings in this action, or (e) exempted

from the operation of this Protective Order by written consent of the party producing such Confidential Information.

15. If, in another action or proceeding, any person possessing Confidential Information receives or has received a subpoena, summons, or document demand which seeks Confidential Information, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the Confidential Information, and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

16. Nothing in this Order shall prevent any person or entity from disclosing or providing any Confidential Information pursuant to an administrative order, demand, summons, subpoena, or other request from any federal or state agency or grand jury, and the notification and withholding procedures set forth above shall not apply in the case of any such request.

17. Nothing in this Order shall prevent any producing party from seeking additional protection regarding the production, use, or disclosure of Confidential Information in connection with any hearing or other proceeding in this lawsuit. Nothing in this Order shall prevent any party from opposing the production of any information for reasons other than confidentiality.

18. Any Party, for good cause, may apply to the Court for modification of this order. The Parties may also stipulate in writing to amend this Order, subject to Court approval.

19. The restrictions provided for herein shall not terminate upon the completion of appeals (if any) from the final judgment of this case, but shall continue until further order of this Court; provided, however that this Order shall not be construed to prevent any Party from making use of documents or information in manners outlined in paragraph 14 above.

20. Within ninety (90) calendar days of the completion of all appeals (if any) from the final judgment in this case and upon the written request of the Producing Party, all confidential material and all copies thereof shall either be returned to the party which produced them or be destroyed. If a Party elects to destroy copies of confidential material, the Party shall certify in writing that said documents have been destroyed within a sixty (60) calendar day-time period, after such is requested by the producing or designating Party.

**IT IS SO ORDERED.**

This the \_\_\_\_ day of _____, 2025.

_____
Martin Reidinger
Chief United States District Judge

# ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Logan Venclauskas v. Hillman Beer, LLC,* Civil Action No. 1:24-cv-00204-MR-WCM; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Signature: _____

Print Name: _____

Address: _____

_____

_____

Date Signed: _____

ND:4931-4539-1465, v. 1